In the Matter of the Arbitration between LENDON REALTY CORP., Petitioner, and LENA WEBER, Respondent.

Supreme Court, Special Term, New York County, March 9, 1948.

*Klein, Wikler & Gottlieb* for petitioner.

*Merin & Granat* for respondent.

EDER, J. Motion to compel arbitration is denied. It is alleged by respondent, and not denied, that under paragraph " 28 " of the lease, the petitioner, as landlord, had the option to terminate the lease at the end of the fifth year by giving three months' notice to the tenant of such intention. The lease was made on September 19, 1942, for a term of ten years commencing on November 1, 1942, and terminating on October 31, 1952. The notice of election to terminate was given on October 23, 1947, by the attorneys for the landlord. The respondent contends that under the lease the last day that such notice could be given was August 1, 1947, and, hence, the notice served on October 23, 1947, was not timely served and was a nullity. The point is also made that the notice was ineffective because it was not given by the landlord, but by the landlord's attorneys and that there is no provision in the lease authorizing them to give the notice of termination. As to this latter claim, I am of opinion the notice was not properly given. There is no provision in the lease authorizing termination of the lease by the attorneys (see *Alpert* v. *Polonsky*, 193 N. Y. S. 53; *Mesaba Constr. Co.* v. *46th St. Service Station*, 68 N. Y. S. 2d 751, 753), and nothing to indicate their authority.

As to the notice given, I am of opinion it was ineffective, because not given three months prior to the terminal or expiration date at the end of the fifth year, which said date was October 31, 1947 (*Fine Realty Co.* v. *City of New York*, 53 Misc. 246). Under the lease the last day such notice could be given was August 1, 1947; the notice was served on October 23, 1947, and was therefore ineffective (*Fine* case, *supra*) and there is no basis for invoking the provisions relating to arbitration. A valid termination of the lease is a condition precedent.