■ EDYTHE WILLIAMS, Respondent, v. MELVIN WILLIAMS, Appellant.— In an action by a wife against her husband for a judgment declaring her to be the sole owner of certain real property, declaring that he holds any interest therein as a constructive trustee for her benefit, and directing him to convey his interest to her, the husband appeals from a judgment entered after trial declaring that he holds his legal estate as tenant by the entirety as a constructive trustee for respondent's benefit and directing him to execute a deed conveying his interest to respondent. Judgment reversed on the law and facts, without costs, and complaint dismissed, without costs. The finding, that title was placed in the name of both parties pursuant to appellant's promise to convey his interest when requested, is reversed and new findings are made that respondent was not induced to place title in the names of both parties as tenants by the entirety by appellant's promise to convey his interest at respondent's request, and that she did not make the purchase for their benefit as such tenants in reliance on said promise. Respondent purchased the property with her funds, but title was taken by the parties as tenants by the entirety. At the time of the purchase, both parties joined in executing a bond and purchase-money mortgage. Appellant did not wish to have any part in the purchase or to incur any liability but was prevailed upon to lend his credit to the purchase, to join in the execution of the bond and mortgage, and to consent to the purchase as a tenancy by the entirety, upon the oral assurance that respondent would take care of the bills but that he would have a place in which to live in case she died. Concededly, there was difficulty anticipated in obtaining the mortgage, particularly if appellant did not sign the papers. The findings were warranted that, during the negotiations and prior to the consummation of the written agreements, appellant stated that respondent was buying the house with her money and that she could have the house back at any time that she requested. Appellant pleaded the Statute of Frauds as a defense. The Statute of Frauds " does not obstruct the recognition of a constructive trust affecting an interest in land where a confidential relation would be abused if there were repudiation, without redress, of a trust orally declared " (Foreman v. Foreman, 251 N. Y. 237, 240). It is not the oral promise only, nor the breach thereof only, but unjust enrichment under cover of the relationship of confidence, which puts a court of equity in motion (see, e.g., Sinclair v. Purdy, 235 N. Y. 245, 253). It is clear that respondent was not induced to make the purchase as a tenant by the entirety by any promise by appellant to convey his interest to her upon request, and that she did not make such purchase in reliance on the promise. Under these circumstances, the doctrine that a constructive trust may be recognized to prevent the abuse of a confidential relationship (Foreman v. Foreman, supra) is of no avail to respondent. (See, e.g., Matter of Polizzo, 308 N. Y. 517). Moreover, appellant is liable upon the bond which accompanied the purchase-money mortgage. Also warranted were the findings that the purchase was made with respondent's funds, excluding the bond and mortgage, and that appellant prom-

ised to convey his interest to respondent at her request. Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to affirm, with the following memorandum: Under all the circumstances, to wit: (1) the relationship of husband and wife between appellant and respondent, (2) the high degree of trust and confidence which such relationship normally generates between spouses, (3) the fact that the respondent paid the entire cash consideration from her own funds, (4) the conduct and declarations of each before, and at the time of, the purchase, and (5) the fair inferences from such conduct and such declarations, it must be held that, in taking title in both their names, (a) respondent relied upon appellant's promise that at any time in the future he would convey his nominal interest to her upon demand, and (b) respondent justifiably expected that he would fulfill his promise. The findings of the trial court to such effect are amply warranted by the proof and by the fair inferences which may be deduced therefrom. Hence, such findings, based as they are on sufficient evidence, should not be disturbed by this court.