■ MARAT CORP., Appellant, v. JOSEPH ABRAMS, Respondent.— In an action by a vendee for specific performance of an alleged contract for the purchase and sale of real property, the plaintiff vendee appeals: (1) from an order of the Supreme Court, Nassau County, entered November 13, 1962, which granted defendant's motion to dismiss the complaint on the ground that the contract relied upon is unenforcible under the Statute of Frauds (former Rules Civ. Prac., rule 107, subd. 7); (2) from an order of said court, dated June 20, 1963, which, on plaintiff's motion for reargument, adhered to the original decision but granted plaintiff permission to serve an amended complaint; and (3) from a judgment of said court, entered November 21, 1963, which dismissed the complaint upon plaintiff's failure to serve an amended complaint as permitted by the order of June 20, 1963. Order of June 20, 1963, and judgment, affirmed, with $10 costs and disbursements. Appeal from order of November 13, 1962 dismissed, without costs; that order was superseded by the later order of June 20, 1963, granting reargument. In our opinion, it appears from the record either that the "binder agreement" sued upon did not contain all the essential terms of the agreement between the parties or that the parties had not agreed upon all the terms. The binder was, therefore, unenforcible under the Statute of Frauds and the complaint was properly dismissed (*Ansorge* v. *Kane*, 244 N. Y. 395, 398; *Polucek* v. *Jahoda*, 203 App. Div. 38; *Israelson* v. *Bradley*, 139 N. Y. S. 2d 107, 108, affd. 285 App. Div. 971). Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., concurs in the dismissal of the appeal from the order of November 13, 1962, but dissents as to the affirmance of the judgment and the order of June 20, 1963, and votes to reverse such order and judgment and to deny the defendant's motion to dismiss the complaint on the ground that the writing in question is sufficient to satisfy the Statute of Frauds.