FRED MODLIN, Respondent, v. TOWN AND COUNTRY TUX, INC., Appellant.— In a holdover summary proceeding to recover possession of real property, the tenant appeals, by permission, from an order of the Appellate Term, 9th and 10th Judicial Districts, dated December 5, 1972, which (1) reversed a final judgment of the District Court, Nassau County, Fourth District, entered April 6, 1972, in favor of the tenant and (2) directed judgment for the landlord. Order of the Appellate Term reversed, on the law and the facts, with costs to the tenant, and judgment of the District Court affirmed. The landlord permitted five to six weeks to elapse before rejecting the tenant's late (by 14 days) notice of lease renewal. The parties occupied adjoining premises in the same building and saw one another casually a number of times during that period. Under all the circumstances, the landlord's conduct constituted a waiver of the tenant's default (1 Rasch, Landlord and Tenant [2d ed.], § 331; Long v. Stafford, 103 N. Y. 274). Shapiro, Gulotta, Christ and Brennan, JJ., concur; Latham, Acting P. J., dissents and votes to affirm the order of the Appellate Term.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL CHARTIER, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 9, 1972, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed four years on the burglary conviction and a definite term of one year in the Nassau County Jail on the petit larceny conviction, to run concurrently. The appeal brings up for review an order of the same court, entered February 11, 1972, which denied defendant's motion to suppress statements allegedly made by him, after a Huntley-Miranda hearing. Judgment modified, on the law, by reversing the sentence and remanding the case to the County Court for resentencing, in accordance with the views herein expressed, and judgment otherwise affirmed. Order affirmed. Prior to the imposition of sentence upon defendant, an admitted narcotic addict, the Trial Judge stated that the facilities of the Narcotic Addiction Control Commission were then unavailable, that he would otherwise have certified defendant to the care and custody of the commission and that a penitentiary sentence was all that was therefore available. In People v. Bennet (39 A D 2d 320) we held that the statutory scheme relating to convicted addict felons must be construed to provide that where the facilities of the commission are unavailable the sentencing court is empowered to employ any of the sentencing options available in the case of a nonaddict felon. Since it appears that the Trial Judge felt he was constrained by statute to impose a prison sentence and since it appears that a different disposition might have been made if the Trial Judge had been aware of his power to do so, the case must be remanded for resentence. Defendant's other contentions have been considered and rejected (see, e.g., People v. Davis, 33 A D 2d 762; People v. Matthews, 25 N Y 2d 870). Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.