■ THERESA R. CRANE, Respondent, v THOMAS A. CRANE, Appellant.—In an action for specific performance of an oral agreement, the theory of which states a cause of action to impress a constructive trust, the defendant appeals from an order of the Supreme Court, Putnam County, dated January 14, 1980, which denied his motion for summary judgment. Order affirmed, without costs or disbursements. Defendant's motion for summary judgment dismissing plaintiff's complaint for untimeliness was properly denied. It cannot be said upon the record before us that on defendant's motion for summary judgment there existed no triable issue of fact with respect to timeliness. Summary judgment was, therefore, not authorized. (See *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; see, also, *Moyer v Briggs,* 47 AD2d 64.) Nevertheless, defendant, having pleaded the Statute of Limitations as an affirmative defense in his amended answer, is free to raise said defense upon the trial of this action. The period of limitation applicable herein would commence at the time the trust relationship was breached. (See *Scheuer v Scheuer,* 308 NY 447; *Savage v Savage,* 63 AD2d 808.) The defendant's contention that the Statute of Frauds bars the claim presented by plaintiff is incorrect. The Statute of Frauds is not a defense to an action to impress a constructive trust upon real property, where it is alleged that based upon a confidential relationship an oral promise to convey said realty had been made and breached. (See *Foreman v Foreman,* 251 NY 237, 240; *Williams v Williams,* 4 AD2d 793, affd 5 NY2d 895.) The defendant's remaining contentions are without merit. (See *Sharp v Kosmalski,* 40 NY2d 119; *Moftiz v Moftiz,* 50 AD2d 901; *Farano v Stephanelli,* 7 AD2d 420.) Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.