■ UNITY MANUFACTURING CORP., Appellant, v ST. PAUL FIRE & MARINE INSURANCE COMPANY, Respondent, et al., Defendant. — In an action to recover on an insurance policy, plaintiff appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated May 24, 1982, as conditionally dismissed plaintiff's complaint as against defendant St. Paul Fire & Marine Insurance Company, unless a prior disclosure order was complied with within 20 days, (2) from a decision of the same court, dated October 27, 1982, (3) from an order of the same court, dated November 9, 1982, entered on the decision dated October 27, 1982, which, *inter alia,* granted defendant St. Paul Fire & Marine Insurance Company's motion to dismiss plaintiff's complaint as against it, and (4) from a judgment of the same court, dated November 30, 1982, in favor of St. Paul Fire & Marine Insurance Company, dismissing the complaint as against it. Purported appeal from decision dated October 27, 1982 dismissed. No appeal lies from a decision. Appeals from orders dated May 24, 1982 and November 9, 1982 dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed. Defendant St. Paul Fire & Marine Insurance Company is awarded one bill of costs. For more than a year, plaintiff failed to comply with a prior order of Justice Durante to produce the items sought in a notice to depose and was unable to provide a valid excuse for such default. Justice Kunzeman's conditional order of dismissal was therefore proper (see *Danahy v Meese,* 84 AD2d 670), and, given plaintiff's subsequent failure to comply with the conditional order of dismissal, absolute dismissal of the complaint was a proper sanction (see *Jonard Inds. Corp. v Jerico Precision Mfg. Corp.,* 87 AD2d 810). Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.

■ MILDRED VANASCO, Respondent, v BARBARA A. ANGIOLELLI, Appellant. — In an action, *inter alia,* to impress a constructive trust upon real property, the defendant appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated July 1, 1983, which denied her motion, *inter alia,* to dismiss the complaint on the ground of the Statute of Frauds, and for summary judgment dismissing the complaint and granting her judgment on her counterclaim. Order affirmed, without costs or disbursements. The complaint states a cause of action and there are triable issues of fact with respect to the plaintiff's complaint and the defendant's counterclaim (*Sharp v Kosmalski,* 40 NY2d 119; *Farano v Stephanelli,* 7 AD2d 420). In an action to impress a constructive trust upon real property, the Statute of Frauds is not a defense. Such a trust, by its very nature, does not require a writing (*Ozkahveci v Ozkahveci,* 91 AD2d 656, 657; *Crane v Crane,* 77 AD2d 858). Therefore, the absence of a writing in the instant case does not warrant dismissal of plaintiff's complaint. We further note that on this record, there appears to be a serious question of whether there was an effective delivery to defendant of the deeds to the subject property. "While the execution and recording of a deed may give rise to a presumption of delivery and acceptance * * * that presumption is not conclusive and may be repelled by proof of facts inconsistent with the transfer of title * * * It is the intention of the parties that governs" (*Diamond v Wasserman,* 8 AD2d 623; see, also, *Winick v Winick,* 26 AD2d 663). Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.