■ HERNAN OCHOA et al., Appellants, v ESTATE OF ALBERTO SARRIA et al., Respondents. — In an action by plaintiffs for specific performance of an option to purchase premises owned by defendants, plaintiffs appeal from an order of the Supreme Court, Queens County (Kunzeman, J.), dated June 3, 1982, which granted defendants' motion to dismiss the complaint and denied plaintiffs' cross motion for summary judgment granting them specific performance. Order affirmed, with costs. Plaintiffs leased certain premises at 40-30 82nd Street, Elmhurst, Queens, for use as a bakery. Paragraph 30 of the rider to the lease, dated February 18, 1977, states in pertinent part: "Tenant shall have the option to purchase the real property, the subject of this Lease * * * upon giving to the landlord thirty (30) days notice thereof, in writing, registered mail return receipt requested". On December 11, 1980, plaintiffs' attorney mailed letters to defendants purporting to exercise plaintiffs' option to purchase the subject premises. Defendants never replied to this purported exercise of the option. The instant action ensued. Special Term held that because the attorney had no written authorization to act on behalf of plaintiffs to exercise the option, the purported exercise of the option was ineffective. In order for an agent to exercise an option relating to real property, that agent must have written authorization from his principal or principals granting him such power (General Obligations Law, § 5-703, subd 1). Therefore, a purported exercise, by the attorney for the lessee, of an option contained in a lease to purchase the leased premises is ineffective absent written authorization by the lessee empowering his attorney to exercise the option (see *Sands Textile Finishers v Gross,* NYLJ, March 5, 1980, p 15, col 3; *Three Star Offset Print. v Daniels,* NYLJ, Jan. 23, 1980, p 13, col 1; see, also, *Hoaglund v Daniels,* 50 AD2d 923; *Lancaster At Fresh Meadow v Suderov,* 6 Misc 2d 12, affd 5 AD2d 1015; *747 So. Blvd. Realty Corp. v Wein-Rose, Inc.,* 201 Misc 552; *Matter of Lendon Realty Corp. [Weber],* 193 Misc 120). Since, in the case at bar, plaintiffs' attorney had no written authorization from plaintiffs to exercise the option, the purported exercise of the option was insufficient and ineffective. We note that defendants' silence after receiving the letters purporting to exercise the option did not cause any harm to or mislead plaintiffs. There was no risk that plaintiffs would forfeit their leasehold interest. Therefore, equitable estoppel should not be applied against defendants (cf. *J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449; *Club Chain of Manhattan v Christopher & Seventh Gourmet,* 74 AD2d 277; *Modlin v Town & Country Tux,* 42 AD2d 586). O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.