■ LUCILLE F. MARCOUX, Respondent, v RICHARD A. MARCOUX, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated June 4, 1985, as awarded to the plaintiff wife the principal amount of $75,750 as compensation for her one-half interest in a parcel of real property previously sold by the defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The fourth cause of action asserted in the plaintiff's amended verified complaint alleged that the parties entered into an agreement whereby the defendant promised to convey a one-half interest in his residential real property to the

plaintiff in contemplation of their impending marriage. This cause of action further alleged a breach of the agreement by the defendant and requested specific performance of the contract and the imposition of a constructive trust over the subject property. The trial court dismissed the constructive trust claim, but awarded damages to the plaintiff in lieu of specific performance, concluding that the oral contract was valid and binding. We agree, and therefore affirm.

Initially, although the oral agreement falls within the Statute of Frauds (see, General Obligations Law § 5-701 [a] [3]), the defendant failed to plead the statute as an affirmative defense (see, CPLR 3018 [b]) or to otherwise timely raise the issue; hence, he is deemed to have waived it (see, e.g., Schaffer Stores Co. v Grand Union Co., 84 AD2d 614, appeal dismissed 56 NY2d 570; Chester Natl. Bank v Rondout Mar., 46 AD2d 985, lv denied 37 NY2d 706). In this regard, we find unpersuasive the defendant's contention that he was not required to assert the defense because the plaintiff sought the imposition of a constructive trust. While it is clear that the Statute of Frauds is not a defense to the constructive trust claim (see, Ozkahveci v Ozkahveci, 91 AD2d 656; Crane v Crane, 77 AD2d 858), we conclude that, in view of the allegations underlying the distinct claim for specific performance of the oral contract, the defendant was obligated to interpose the statute as an affirmative defense. Therefore, the trial court properly determined that his failure to do so was fatal.

Similarly unavailing is the defendant's contention that the plaintiff's contract claim was barred by the terms of a separate written antenuptial agreement of the parties. The written agreement contains no provision which can reasonably be interpreted to preclude the plaintiff's recovery upon the oral agreement, nor are the terms of the two contracts conflicting. Thus, the trial court's award of damages to the plaintiff for breach of the oral agreement was proper. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.