Jeffrey A. Stark et al., Appellants, v Olga J. Fry et al., Respondents.

Fourth Department, July 10, 1987

## APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (Teresa D. Johnson* of counsel), for appellants.

*Lacy, Katzen, Ryen & Mittleman (Ezra K. Katzen* of counsel), for respondents.

**OPINION OF THE COURT**

DILLON, P. J.

In an action by plaintiffs for specific performance of a contract to purchase real property owned by defendants, the principal issue presented on appeal is whether the exercise by the optionee's agent of an option, granted in a written and otherwise sufficient agreement signed by all principals, is ineffective unless the agent had written authority to act on behalf of the optionee. We hold that the agent's authority to exercise the option need not be in writing.

On January 26, 1985, the defendants and Richard A. Hutchens & Associates (Hutchens) executed an option agreement for the sale of defendants' real property known as "Maplecroft Farm" located in Watertown, New York. By the terms of the option, Hutchens was granted "an exclusive and first option" to be exercised by August 8, 1985. On August 7, 1985, Donald A. Wiltse, Esq., the attorney who had represented defendants during negotiation of the option agreement, received a telephone call from Lawrence R. Palvino, Esq., who identified himself as Hutchens' attorney and stated that Hutchens was ready to proceed with the purchase of the property. By letter of August 8, 1985 to Wiltse and received by him on August 9, 1985, Palvino confirmed "our intention to proceed with the purchase contract (option)". By letter dated August 20, 1985, Wiltse informed Palvino: "The Sellers have and do herewith reject the expression of intent as insufficient and not timely made and not in compliance with the terms of the contract." By written assignment dated August 8, 1985, however, Hutchens had assigned all of its rights under "the purchase contract or option" to plaintiffs, who brought this action for specific performance.

Defendants moved for summary judgment dismissing the complaint and for a declaration on their counterclaim that there is no contractual relationship among the parties. Special Term, citing General Obligations Law § 5-703 (1) and relying upon the Second Department's decision in *Ochoa v Estate of Sarria* (97 AD2d 538), granted the motion and made the declaration. The court held that the option to purchase the real property was not effectively exercised because Palvino lacked written authority to act on behalf of Hutchens. We reverse. It is of no consequence to the validity of the subject agreement that Palvino's authority to act was not in writing.

At the outset, we acknowledge that were we to follow *Ochoa*

*v Estate of Sarria* (97 AD2d 538, *supra),* an affirmance would be required. We believe that *Ochoa* was wrongly decided, however, in that it gives meaning to subdivision (1) of General Obligations Law § 5-703 which is not supported by the language of the statute or by authoritative case law. In our view, that subdivision is not relevant to a determination of the rights of these parties. It relates to executed transactions, and not to an executory contract for the sale or purchase of real property *(Geraci v Jenrette,* 41 NY2d 660, 665-666). The conditions governing an agreement of the kind we see here are found in subdivision (2) of General Obligations Law § 5-703, and those conditions are satisfied by the writing. Subdivision (2) provides that a contract for the sale of real property "is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." The subject agreement is in writing, expresses the consideration, and is signed by the defendants, against whom it is sought to be enforced. No more is required to satisfy the Statute of Frauds *(see, Geraci v Jenrette, supra).*

Simply stated, this case does not present the issue of whether an agent had authority to subscribe a writing on behalf of a principal. The writing is subscribed by all principals, and if the written memorandum is otherwise sufficient *(see, Read v Henzel,* 67 AD2d 186), and it is, and does not require that the exercise of the option be in writing, and it does not, a binding and enforceable contract was formed if the offer to sell, inherent in the option agreement *(see,* 11 Williston, Contracts § 1441 [3d ed 1968]) was orally accepted by the optionee in a timely manner *(see, Tymon v Linoki,* 16 NY2d 293; 1A Corbin, Contracts § 264 [1963]; *see also, Welsh v Jakstas,* 401 Ill 288, 82 NE2d 53).* The act of orally communicating that acceptance to the optionor is one which lawfully could be delegated to an agent *(see,* Restatement [Second] of Agency § 17 [1958]; 2 NY Jur 2d, Agency and Independent Contractors, § 17; *compare,* 2 NY Jur 2d, Agency and Independent Contractors, § 21). Such a delegation is not proscribed by either the Statute of Frauds (General Obligations Law § 5-703) or by the option agreement.

Here, plaintiffs contend that Palvino was delegated as the

---

* Special Term properly found that because Palvino's letter of August 8, 1985 was not received by Wiltse until August 9, 1985, it was untimely and thus ineffective to exercise the option *(see, Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449, 452; 1A Corbin, Contracts § 264 [1963]).

agent of Hutchens to exercise the option on behalf of Hutchens and that he did so orally within the time limitation set forth in the option agreement. We think it appropriate to require that resolution of those factual claims await trial. We do, however, reject defendants' claim that the exercise of the option was ineffective as a matter of law because notice thereof was given to Wiltse, who, it is said, was not authorized to act as their agent. Whether Wiltse had actual or apparent authority to receive the notice on behalf of defendants cannot be resolved on this record (see, Garcia v Herald Tribune Fresh Air Fund, 51 AD2d 897; cf., Hallock v State of New York, 64 NY2d 224; Central N. Y. Realty Corp. v Abel, 28 AD2d 50, affd 22 NY2d 963). Similarly, none of the other issues raised and argued by the parties can be resolved as a matter of law.

Accordingly, the order should be reversed, defendants' motion for summary judgment should be denied, and the notice of pendency heretofore filed in the Jefferson County Clerk's office on October 3, 1985 should be reinstated.

CALLAHAN, GREEN, BALIO and DAVIS, JJ., concur.

Order unanimously reversed, on the law, with costs, motion denied and notice of pendency reinstated.