*323 OPINION OF THE COURT
Per Curiam.
In this case, the issue is whether the sublessee of a cooperative apartment validly exercised an option to purchase contained in the sublease agreement. Appellants Heinz J. Lippman and Gertrude Wengraf sublet a cooperative apartment on Park Avenue in New York City to Solomon Kaplan, M.D., William J. Shapiro, M.D., Martin Goldstein, M.D., P. C. in 1976. The name of this corporation was changed by certificate of amendment to Solomon Kaplan, M.D., William J. Shapiro, M.D., Martin Goldstein, M.D., Elliott Gellman, M.D., P. C., and it is this corporation that is the respondent in this appeal. Paragraph 18 of the sublease agreement gave the sublessee corporation and/or its shareholders the option to purchase the sublessors’ shares in the cooperative apartment for $30,000, provided the option was exercised "by written notice delivered to the Lessors not later than six (6) months prior to the termination of the option term hereunder.”
By letter dated July 24, 1984, Stanley Stern, attorney for the sublessee corporation, notified Henry H. Sternberg, the attorney who had previously represented the appellant sublessors in this matter, of the corporation’s intent to exercise the option to purchase pursuant to the sublease agreement. Three *324 additional letters were sent to Sternberg, but there was no response to any of the four letters. On April 9, 1986, Joel Shoobe, another attorney for the sublessee corporation, wrote directly to appellant Lippman and referred to the earlier series of letters that had been sent to Lippman’s attorney in an effort to exercise the option.
There is no real dispute here as to whether Lippman and Wengraf had actual notice that the subtenant was seeking to exercise the purchase option. It appears that the sublessors chose to ignore the subtenant’s efforts to exercise the option. The sublessors attempt to shift the burden of responsibility by arguing that exercise of the option failed to comply with the Statute of Frauds (General Obligations Law § 5-703). They claim that the exercise of the option violated the Statute of Frauds because the attorney for the subtenant did not have the written authority from his client to exercise the option on its behalf. They argue that because the actual exercise of an option to purchase an estate or interest in real property must comply with the Statute of Frauds, any effort by an agent on behalf of the principal to exercise such an option must be accompanied by a separate written authorization from the principal.
We disagree, and in so doing, agree with the Appellate Division holding in Stark v Fry (129 AD2d 237) and reject an earlier Appellate Division case, Ochoa v Estate of Sarria (97 AD2d 538). It is the execution of the option agreement, and not the exercise of the option, that is controlling with respect to the application of the Statute of Frauds.*
"An option contract is an agreement to hold an offer open; it confers upon the optionee, for consideration paid, the right to purchase at a later date” (Leonard v Ickovic, 79 AD2d 603, *325 affd 55 NY2d 727; see also, 1 Williston, Contracts § 61B [3d ed 1957]; Restatement [Second] of Contracts §25). The most striking feature of the contractual arrangement known as an "option” is that while the optionor cannot act in derogation of the terms of the option agreement, the optionee is not bound until the option is actually exercised (Williston, op. cit.). Thus, until the optionee gives notice of his intent to exercise the option, the optionee is free to accept or reject the terms of the option (id.).
Because an option to purchase an interest in real property is in effect a conditional contract for a future conveyance of land, a contract that creates such an option is within the Statute of Frauds (see, 2 Corbin, Contracts §§ 417, 418 [1950]). This sort of an agreement constitutes the creation and grant of an interest in real property, and must be in writing to be valid under the Statute (see, Casolo v Nardella, 275 App Div 502, 504).
In the case now before us, the Statute of Frauds was satisfied because the option agreement was contained in a written sublease agreement that was signed by the party to be charged, here, the sublessors (see, Crocker v Page, 210 App Div 735, 736). Since the option agreement was contained in a validly executed sublease agreement, the terms of the option control the manner in which it is to be exercised. The optionee must exercise the option "in accordance with its terms within the time and in the manner specified in the option” (Williston, op. cit., at § 61B). Once the optionee gives notice of his intent to exercise the option in accordance with the agreement, the unilateral option agreement ripens into a fully enforceable bilateral contract (see, Cochran v Taylor, 273 NY 172, 183; Bullock v Cutting, 155 App Div 825, 828).
In this case, the option agreement required that the subtenant give the sublessors written notice not later than six months prior to the expiration of the option term. Thus, the real issue in this case is whether the sublessors must convey their interest in the cooperative shares pursuant to the sublease agreement where the written notice required by the agreement was sent not to them, but to the attorney who had represented them in this matter. We hold that under the facts of this case, where the sublessors had actual notice within the specified time period that the subtenant intended to exercise the purchase option contained in the agreement, that the sublessors will be held to their agreement.
*326 We have considered appellants’ other arguments, and conclude they are without merit. Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed, with costs.

 We would further note that the sublessors’ Statute of Frauds argument was doomed from the outset because it demonstrates an essential misunderstanding of the way in which the statute operates. The Statute of Frauds requires that a contract for the sale or long-term lease of property be signed by the party to be charged, i.e., the party against whom enforcement of the contract is sought. The absence of a signature by the party seeking to enforce the agreement is without legal significance. In this case, the sublessors are the party to be charged, and the obligation that they are seeking to avoid is the purchase option contained in the sublease agreement. Because the sublessors signed the sublease agreement, the Statute of Frauds has been fully satisfied. Whether the subtenant’s exercise of the option complied with the Statute of Frauds is thus irrelevant under the facts of this case because the subtenant is not the party against whom enforcement of the agreement is sought.