■ MICHELE BLECHNER, Appellant, v ROSA B. B. PECORARO, Respondent.—In an action, *inter alia,* for specific performance of an option to purchase real property, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), dated April 12, 1989, as, after a nonjury trial, is in favor of the defendant and against her on the first cause of action seeking specific performance of the option.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in favor of the plaintiff on her cause of action for specific performance of the option agreement.

The record reveals that in 1983 the defendant and her former husband owned certain real property situated in Nassau County in fee as tenants by the entirety. At that time, the plaintiff and the defendant's husband entered into an agreement whereby the plaintiff leased the premises for a period of three years at a fixed rental amount for the entire term of the lease. The record further demonstrates that on October 25, 1983, the plaintiff and the defendant's husband executed a second, amended lease and a rider thereto, which, *inter alia,* provided for graduated rental payments over the term of the lease and added an option to purchase the property, as follows: "34. The Tenant shall have the right to purchase the premises * * * during the first year (12/1/83 to 11/31/84) for $300,000.00. The Tenant shall have the right to purchase the same premises during the second year (12/1/84 to 11/31/85) for $315,000.00. The Tenant shall have the right to purchase the same premises during the third year (12/1/85 to 11/31/86) for $325,000.00. Should the Tenant elect to purchase the said premises, the Tenant must deposit with the Landlord's attorney an amount equal to 10% of the purchase price to be held in escrow pending the prompt preparation of a Contract of Sale * * * Upon the Tenants *[sic]* deposit of 10% said Contract will be contingent upon the Tenant's ability to receive 70% financing from a lending institution at the then prevailing interest rate". It is undisputed that none of the aforementioned documents was signed by the defendant.

Thereafter, on July 2, 1985, the defendant and her husband entered into a "Marital Settlement Agreement", whereby the defendant agreed to purchase her husband's interest in the subject premises for $150,000. Their marriage was dissolved in a Florida judgment dated September 9, 1985, and the husband

subsequently conveyed his interest in the realty to the defendant on October 21, 1985.

In a letter dated October 30, 1986, the plaintiff's attorney informed the defendant's attorney that the plaintiff was exercising her option to purchase the subject premises and enclosed a check for $32,500 as a deposit to be held in escrow. The letter requested that the defendant prepare a contract of sale pursuant to the option agreement. The plaintiff's attorney also sent a separate letter to the defendant advising her of the plaintiff's intention to exercise the option.

In a reply letter dated November 19, 1986, the defendant's attorney informed the attorney for the plaintiff that the defendant would not enter into a contract of sale because she was only familiar with the terms of the original lease and "[the defendant] never executed the [subsequent] lease agreement nor was she aware of the terms and conditions set forth in the option".

The plaintiff subsequently commenced this action, *inter alia,* for specific performance of the option agreement and to recover damages. In her verified answer, the defendant asserted the Statute of Frauds as an affirmative defense to the extent of averring that the "defendant never executed any written memorandum, lease or other writing granting [the] plaintiff the option to purchase the premises".

After a nonjury trial at which the defendant conceded that she had collected the graduated rent as set forth in the second amended lease and rider directly from the plaintiff from November 1985 onward, the trial court found that the defendant was chargeable with knowledge of the terms of that lease and rider, including the option to purchase, and that she could not avoid liability by arguing that she was not a signatory to those documents. Nevertheless, the court concluded that the complaint should be dismissed, on a ground not raised by the defendant, to wit, that the exercise of the option was ineffective because there was no proof that the plaintiff had given her attorney written authorization to act on her behalf with respect to the option agreement. We now reverse.

The court erred in considering, and the defendant may not presently rely upon, any issue regarding the purported requirement that the plaintiff's attorney have written authority in order to validly exercise the option. Inasmuch as this argument constitutes a Statute of Frauds contention *(see,* General Obligations Law § 5-703), the defendant was required to specifically plead the matter as an affirmative defense in

her answer *(see,* CPLR 3018 [b]). Her failure to do so constitutes a waiver of the issue and precludes consideration of the merits *(see, e.g., Marcoux v Marcoux,* 123 AD2d 844; *Schaffer Stores Co. v Grand Union Co.,* 84 AD2d 614).

Moreover, contrary to the defendant's contention, the plaintiff did not elect to exercise the option in a procedurally defective manner *(see, Kaplan v Lippman,* 75 NY2d 320). The option clause in the rider to the lease required only that the plaintiff deposit 10% of the purchase price with the defendant's attorney in order to exercise the option. The record amply demonstrates that the plaintiff fully complied with the terms of this clause, as the appropriate amount was deposited with the defendant's attorney in timely fashion. Significantly, the plaintiff was not required to provide the defendant with any form of written notice; hence, it cannot be argued that the written notice which she actually gave was not in conformity with the terms of the agreement.

We further find that the plaintiff has established her entitlement to specific performance of the option. The defendant's claim that she is not bound by the terms of the second, amended lease and rider because she did not sign it and was unfamiliar with its terms is unavailing and disingenuous. Initially, we agree with the trial court's observation that the defendant's knowledge of the plaintiff's contractual tenancy and her collection of rent from the plaintiff placed her under a duty to investigate the plaintiff's rights under that agreement *(see, e.g., Miles v De Sapio,* 96 AD2d 970) and precluded her from denying knowledge of the terms of the agreement. Additonally, we note that the defendant's collection of the graduated rental payments for a period in excess of one year pursuant to the terms of the second, amended lease constituted partial performance of that agreement, such that she cannot avoid the option clause contained therein on the ground of the Statute of Frauds *(see generally, Van Noy v Corinth Cent. School Dist.,* 111 AD2d 592). Finally, the credible evidence in the record supports a finding that the defendant actively and fully participated in the leasing of the subject property and consented to the terms of the second, amended lease and rider at the time of its execution, thus prompting the conclusion that she should be equitably estopped from asserting a Statute of Frauds defense based upon her failure to sign the second, amended lease *(see, Jill Real Estate v Smyles,* 150 AD2d 640). Accordingly, the defendant must comply with the terms of the option. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.