■ MICHAEL WEISSMAN, Appellant, v MARIE ADLER et al., Respondents.—In an action, *inter alia,* for specific performance of an option to purchase real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated September 18, 1990, which granted the motion of the defendants for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In September 1979, the plaintiff as tenant and Murray Adler as landlord entered into a lease for office premises in Port Jefferson Station, New York. The parties contemporaneously executed an option agreement providing, *inter alia,* that the plaintiff could purchase the entire building for the specified price of $250,000 in accordance with the terms of an attached proposed contract of sale. The defendants herein (hereinafter the landlords), subsequently acquired Mr. Adler's interest in the building.

On or about October 18, 1985, the plaintiff's attorney sent a letter addressed to the estate of Murray S. Adler in care of the landlords' managing agent. As required by the option agreement and the attached contract of sale, a down-payment check in the amount of $25,000 was included with the plaintiff's timely notice of his intention to exercise the option. However, the notice was not sent by certified mail, return receipt requested, and the plaintiff did not return a signed contract of sale, which was also purportedly required by the terms of the option agreement.

The landlords' managing agent received the notice and down-payment check prior to expiration of the option period. However, on or about November 4, 1985, after the option period expired, the landlords' attorney returned the check to the plaintiff's attorney with a letter indicating that the attempt to exercise the option was being rejected. The plaintiff subsequently commenced the instant action for specific performance of the option agreement, and for damages arising from the alleged breach by the landlords.

The landlords moved for summary judgment arguing, *inter alia,* that the action is barred by the Statute of Frauds because the plaintiff's attorney did not have written authorization to exercise the option. The landlords contended further that the plaintiff failed to comply with the requirements for

exercising the option and was therefore not entitled to enforce the agreement. The Supreme Court granted the motion and dismissed the complaint. We now reverse.

An agent's authority to exercise an option to purchase real property need not be in writing (see, Kaplan v Lippman, 75 NY2d 320; Blechner v Pecoraro, 164 AD2d 878; Stark v Fry, 129 AD2d 237). Here, the option agreement is in writing and subscribed by the parties to be charged, and it expresses the consideration to be paid and all the material terms of the real estate transaction by specific reference to an attached contract of sale. Nothing more is required by the Statute of Frauds (see, Kaplan v Lippman, supra; Stark v Fry, supra). Moreover, the agreement does not require that notice be given by the plaintiff personally. Accordingly, we find that the plaintiff fully complied with the agreement's notice requirements and that the landlords received timely notice of his intention to exercise the option.

However, it is well settled that in order to validly exercise an option to purchase real property, one must strictly adhere to the terms and conditions of the option agreement (see, D. A. D. Rest. v Anthony Operating Corp., 139 AD2d 485, 486). The plaintiff concedes that he did not comply with all of the terms of the agreement, but he claims the deviations were de minimis. Thus, he argues that equitable considerations preclude the granting of summary judgment. We agree.

In opposition to the motion for summary judgment, the plaintiff alleged that he made substantial improvements to the property during his tenancy and established valuable goodwill during the years he conducted his medical practice at the present location. Under the principles of J. N. A. Realty Corp. v Cross Bay Chelsea (42 NY2d 392), and United Skates v Kaplan (96 AD2d 232), such claims, if proven, would entitle the plaintiff to enforce the agreement provided the landlords fail to demonstrate prejudice (see, Pitkin Seafood v Pitrock Realty Corp., 146 AD2d 618). The Supreme Court erred by deciding, as a matter of law, that the plaintiff would not suffer a substantial forfeiture if the option were not enforced. Accordingly, we reverse and deny summary judgment. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.