■ TURKISH SOCIETY OF ROCHESTER, INC., Respondent, v LAWRENCE CIMINO et al., Appellants. [596 NYS2d 277] —Order modified on the law and as modified affirmed without costs and judgment ordered in accordance with the following Memorandum: Plaintiff buyer commenced this action seeking specific performance of a real estate contract, or, alternatively, damages for defendants' alleged breach thereof and return of its deposit. A proposed addendum B to that contract modified a boundary line and reduced the percentage of completion required to subordinate the purchase money mortgage. Defendants' attorney informed plaintiff's attorney by letter dated March 6, 1992 that defendants, the sellers, agreed to the change later embodied in that addendum and would sign a document so stating. Plaintiff's attorney prepared and sent the addendum, signed by plaintiff, to defendants for signature, but defendants never delivered a signed addendum B to plaintiff. On or about June 25, 1992, defendants' attorney informed plaintiff's attorney that defendants would not proceed with the sale. Defendants moved for summary judgment dismissing the complaint on the ground that a signed addendum B was never submitted to plaintiff and thus that no contract existed. In response, plaintiff's attorney asserted that as a matter of law defendants' acceptance was either their attorney's March 6th letter or a letter dated March 23rd attaching defendant wife's consent to sell the property.

The court erred in failing to dismiss plaintiff's claim for specific performance based on the Statute of Frauds (General

Obligations Law § 5-703 [2]). Because addendum B concerned consideration, agreement to the terms contained therein by the parties to be charged or by their lawful agent authorized in writing was required in a form complying with the Statute of Frauds. The dissent's reliance on *Tymon v Linoki* (16 NY2d 293) and *Marat Corp. v Abrams* (15 NY2d 1002) is misplaced because those writings were signed by the parties to be charged. That is also the case in *Read v Henzel* (67 AD2d 186), also cited by the dissent; there the court in fact held that the agreement was unenforceable because further negotiations concerning a material element of the agreement were contemplated.

Because there is no contract here, plaintiff is entitled to the return of its deposit. Based on our authority to search the record and grant relief to a non-moving party (CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106), we order that judgment be entered in favor of plaintiff against defendants in the amount of $5,000 with interest to run from the date it was paid at the statutory rate of interest *(see,* CPLR 5004).

All concur except Boehm, J., who dissents and votes to affirm in the following Memorandum:

Boehm, J. (dissenting). I respectfully dissent. In my view, there are questions of fact concerning whether the parties completed a binding contract for plaintiff's purchase of defendants' property. It is well settled that the oral acceptance of a satisfactory written offer constitutes a binding contract *(see, Tymon v Linoki,* 16 NY2d 293, 298; *see also, Marat Corp. v Abrams,* 15 NY2d 1002; *Read v Henzel,* 67 AD2d 186). The majority would require a signed writing whenever the Statute of Frauds is implicated, but there is serious doubt that this has ever been the law in this State.

"In connection with the question of law we find cases in this court that hold that a binding contract is formed by an oral acceptance of a satisfactory written offer. *(See Marat Corp. v. Abrams,* 15 N Y 2d 1002 [1965], [revg] 20 AD2d 929.) In the case of *Justice v. Lang* (42 N. Y. 493 [1870]) our court enforced a contract for the sale of personalty which came within the Statute of Frauds. It did so on the basis of a writing signed by the defendant seller but not signed by the plaintiff buyer. An orally accepted promise to execute a lease was specifically enforced in the case of *Pettibone v. Moore* (75 Hun 461 [1894]). (See, also, *Mason v. Decker,* 72 N. Y. 595 [1878].) A realty contract was formed by an oral acceptance of a written offer

to sell in the case of *Fox v. Hawkins* (150 App. Div. 801, 804 [1912]).

"In a recent case similar to the one before us, a telephoned oral acceptance of a written offer was found to be sufficient ground for a specific performance decree against the offeror. *(MacLaeon v. Lipchitz,* 56 N.Y.S.2d 609, affd. 269 App. Div. 953 [2d Dept., 1945].)" *(Tymon v Linoki, supra,* at 298.)

The record reveals that, after the parties executed the original contract and addendum A thereto, plaintiff executed addendum B and forwarded it to defendants' attorney. Defendants' attorney, orally and by letter, advised plaintiff's attorney that defendants accepted and would execute addendum B. While awaiting that ministerial act, plaintiff obtained defendant Rita Cimino's written consent to the original contract and addendum B and forwarded a $5,000 deposit to defendants' attorney, which under the original contract was due upon defendants' acceptance of plaintiff's purchase offer. Significantly, the $5,000 deposit has never been returned. Plaintiff alleges that the foregoing course of conduct constituted an oral acceptance of plaintiff's offer, thereby completing a binding contract. Resolution of those factual contentions should await trial *(see, Stark v Fry,* 129 AD2d 237, 240). Summary judgment was properly denied. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Fallon, Doerr and Boehm, JJ.