■ GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondent, v WOLFE MILLER, Appellant. [671 NYS2d 322] —In an action to recover damages, *inter alia,* for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 18, 1997, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court, entered May 13, 1997, which is in favor of the plaintiff and against him in the principal sum of $50,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The parties entered into an "Offer to Purchase Agreement" (hereinafter the agreement) concerning property owned by the defendant. Pursuant to the agreement, the plaintiff gave $50,000 to the defendant as an "initial deposit" towards the purchase price. The parties were unable to come to terms on a sale of the property, and the defendant sold the property to another buyer. The defendant refused to return the $50,000 to the plaintiff, and the plaintiff brought this action, *inter alia,* to recover damages for breach of contract. The Supreme Court granted the plaintiff's motion for summary judgment, and we affirm.

The defendant has failed to show that the plaintiff violated any implied covenant of good faith by failing to contract for the purchase of the subject property by the date specified in the agreement. The plaintiff was not bound by the agreement until it exercised its right to accept the offer during the specified period of time (*see, Kaplan v Lippman,* 75 NY2d 320, 325). Furthermore, the parties had expressly agreed that the initial deposit would be returned to the plaintiff in the event that the parties were unable to agree upon a mutually-acceptable Purchase and Sale Agreement within the specified period of time. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.