■ JAMES MUSCATELLO, Respondent, v ARTCO CHEMICAL, INC., et al., Appellants. [674 NYS2d 518] —Carpinello, J. Appeal from an order of the Supreme Court (Keniry, J.), entered October 29, 1997 in Saratoga County, which, *inter alia*, denied defendants' cross motion for summary judgment dismissing the complaint.

In September 1995, plaintiff entered into a written lease with defendants whereby defendants agreed to rent a commercial property located in the Town of Waterford, Saratoga County. Although plaintiff and his wife jointly owned the property as tenants by the entirety, only plaintiff and defendants Monty Jordan and John P. De Marco, officers of defendant Artco Chemical Inc., were signatories to the lease. The lease was to commence on November 1, 1995 and the monthly rent was to be $4,300. The lease contained an addendum clause that read, in pertinent part, as follows: "Lease confirmation is subject to the tenant obtaining a building permit to construct [a concrete pad on the leased premises]." On November 3, 1995, defendants notified plaintiff that because they had not secured a building permit, they considered the lease canceled.

Plaintiff subsequently commenced this action for breach of contract, maintaining, *inter alia*, that defendants did not pursue the acquisition of a building permit in good faith. Following joinder of issue, plaintiff moved for summary judgment on the breach of contract claim. Defendants cross-moved for leave to amend their answer to add the Statute of Frauds as an affirmative defense and also sought summary judgment based upon, *inter alia*, this defense. Defendants argued that the lease was void based upon the failure of plaintiff's wife to

sign the lease. Supreme Court denied both parties' motions for summary judgment but granted defendants' motion to amend the complaint. This appeal by defendants followed.

We affirm. Contrary to defendants' argument, they are not entitled to summary judgment based upon the Statute of Frauds. Executory contracts relating to land (*see, Geraci v Jenrette*, 41 NY2d 660) are governed by General Obligations Law § 5-703 (2), which provides: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." As noted by the Court of Appeals in *Kaplan v Lippman* (75 NY2d 320), "The Statute of Frauds requires that a contract for the sale or long-term lease of property be signed by the party to be charged, i.e., the party against whom enforcement of the contract is sought. The absence of a signature by the party seeking to enforce the agreement is without legal significance" (*id.*, at 324, n).

Here, since there is no dispute that defendants are the parties to be charged in this breach of contract claim and that they signed the contract, they have failed to establish as a matter of law that the Statute of Frauds has not been fully satisfied (*see, id.*). Due to our resolution of this issue, it is unnecessary to consider the remaining issues raised by the parties, especially whether plaintiff's wife ratified the lease as a result of her acquiescence thereto.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.