■ RICHARD A. STETTINE, as Receiver for 1956-1980 Middle County Road, Respondent, v VINCENT R. DeANGELIS, Appellant. [686 NYS2d 470] —In an action to recover rent due pursuant to a lease, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Gerard, J.), dated September 2, 1997, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court, entered December 18, 1997, which is in favor of the plaintiff and against him in the principal sum of $7,247,652.81. The ap-

peal from the judgment brings up for review so much of an order of the same court dated December 9, 1997, as, in effect, upon reargument, adhered to the prior determination (*see,* CPLR 5501 [a] [1]). The notice of appeal from the order dated September 2, 1997, is deemed to be a premature notice of appeal from the judgment as well (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order dated September 2, 1997, is dismissed; and it is further,

Ordered that the order dated December 9, 1997, and the judgment are affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order dated September 2, 1997, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff, the receiver of the subject premises, seeks to recover rent due pursuant to a lease on the premises. In the Supreme Court, the defendant contended that the lease was unenforceable because it violated the Statute of Frauds. The Supreme Court determined that the lease was enforceable and granted summary judgment to the plaintiff. We agree. "The Statute of Frauds requires that a contract for the sale or long-term lease of property be signed by the party to be charged, i.e., the party against whom enforcement of the contract is sought" (*Kaplan v Lippman,* 75 NY2d 320, 324, n). In this case, the defendant, personally, is the party to be charged. Since he signed the lease, the Statute of Frauds has been satisfied (*see, Kaplan v Lippman, supra; see also, Muscatello v Artco Chem.,* 251 AD2d 882).

The defendant's remaining contentions are largely unpreserved for appellate review, and, in any event, are without merit. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.