■ CARSTEN J. PANK, Respondent, v 2734 WASHINGTON AVENUE REALTY CORPORATION, Appellant. [748 NYS2d 434] —Rose, J. Appeal from an order of the Supreme Court (Best, J.), entered January 12, 2001 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

In June 2000, plaintiff submitted a written purchase offer for certain real property owned by defendant. Despite plaintiff's proposal, defendant accepted an offer tendered by a third party, Sumner of New York, Inc. Plaintiff then commenced this action seeking specific performance of a purportedly binding purchase agreement with defendant, as well as a judgment declaring defendant's contract with Sumner to be null and void. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground that there is no executed written agreement between itself and plaintiff as required by the statute of frauds. Finding a question of fact as to whether Joseph Alessandro, acting on defendant's behalf, had signed such an agreement, Supreme Court denied defendant's motion, prompting this appeal.

We reverse. Defendant met its initial burden on the motion by tendering proof that the alleged purchase agreement was signed only by plaintiff and, thus, was void under the statute of frauds (see General Obligations Law § 5-703 [2]). Plaintiff then failed to sustain his burden to raise a triable issue of fact as to whether someone on defendant's behalf had executed the agreement (see Zuckerman v City of New York, 49 NY2d 557, 562; Wells v Ronning, 269 AD2d 690, 691).

The only proof of defendant's execution of the agreement is plaintiff's assertion that Alessandro, in his capacity as executor of the estate of defendant's deceased majority shareholder, rather than as defendant's president, had orally admitted signing it. Since there is no evidence that Alessandro was authorized to execute the purchase agreement on defendant's behalf, or to admit its execution, the proof offered by plaintiff is inadmissible (see Simpson v New York City Tr. Auth., 283 AD2d 419, 419; see also Loschiavo v Port Auth. of N.Y. & N.J., 58 NY2d 1040, 1041).

The cases upon which Supreme Court relied are also unavailing. Although they involved enforceable purchase agreements signed by only one party, in each case, unlike here, the party to be charged was the one who signed the agreement (*see Tymon v Linoki*, 16 NY2d 293; *Justice v Lang*, 42 NY 493; *Turkish Socy. of Rochester v Cimino*, 192 AD2d 1121). Since the statute of frauds was not shown to be satisfied here, plaintiff's agreement is void and unenforceable (*see G.G.F. Props. v Yu Mi Hong*, 284 AD2d 427; *Muscatello v Artco Chem.*, 251 AD2d 882, 882). Thus, Supreme Court erred in denying defendant's motion for summary judgment. This conclusion makes it unnecessary to consider defendant's alternate contentions.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.