Liss v Sage Sys., Inc. (2019 NY Slip Op 06460)





Liss v Sage Sys., Inc.


2019 NY Slip Op 06460


Decided on September 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 10, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


107019/10 9734A 9734

[*1] Estate of Robert Liss, Plaintiff-Appellant,
v
Sage Systems, Inc., Defendant-Respondent.


Raimondi Law, P.C., Massapequa (Christopher A. Raimondi of counsel), for appellant.
Law Offices of Fred L. Seeman, New York (Fred L. Seeman of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered April 19, 2019, which granted defendant's motion for summary judgment on its counterclaim for specific performance, terminated plaintiff's right to possess the portion of the tenth floor (the shared premises occupied by the decedent's and defendant's partnership) that it occupied in the building at 246 West 38th Street, ordered plaintiff to vacate those premises and deliver them to defendant free and clear of subtenants, ordered defendant to tender the "Fixed Price" of $469,169.92 to plaintiff, and ordered that, upon such tender, plaintiff's interest in the partnership shall be terminated, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 4, 2018, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
Plaintiff argues that the affidavit by Shahen Chekijian, defendant's president, should have been stricken by the motion court, and should be disregarded on appeal, because of Chekijian's alleged gamesmanship in avoiding his deposition. However, there is no indication in the record that plaintiff moved to compel Chekijian's deposition or brought to the court's attention the delays or other scheduling issues it details in its appellate brief. Accordingly, these arguments will not be heard now.
We reject plaintiff's arguments about the invalidity of the March 31, 2011 notice of election to purchase. As an initial matter, the notice provision on which plaintiff relies, ¶ 13.03 of the partnership agreement, is not relevant, as it concerns notice to "Liss" (the decedent), who was no longer alive at the time the notice was given; the agreement is silent as to notice to Liss's estate, heirs, successors and/or assigns, unlike references made in other sections of the agreement (i.e., ¶ 13.07, Successors and Assigns). Moreover, defendant's counsel was diligent in sending the notice by letter to Christopher Raimondi, Esq., via multiple delivery methods, with a copy to plaintiff's offices, particularly as counsel had previously been in contact with Raimondi.
Plaintiff's arguments are also inconsistent. Plaintiff argues that the March 31, 2011 notice was invalid and ineffectual, yet simultaneously argues that the notice triggered the 30-day deadline for the closing. Plaintiff also failed to rebut Chekijian's statement that, by 2011, it had been decades since the decedent was at 767 Lexington Avenue, and plaintiff never stated to whom, during the limbo period in which the notice was sent (no executor named, no counsel to plaintiff yet retained) the notice should have been sent, and to what address. Moreover, the record shows that Michael Liss, the eventual executor of Liss's estate, had actual notice of defendant's election shortly after the letter was sent; in his April 7 letter, Raimondi says that he is responding to defendant's counsel's letter regarding the election to purchase "at the request of Michael Liss" (see Kaplan v Lippman , 75 NY2d 320 [1990]).
Plaintiff offers no support for its argument that delays in closing would not have been excusable under ¶ 13.08 of the partnership agreement. That paragraph plainly provides that no delay in the exercise of any right will impair or affect a partner's right thereafter to exercise that [*2]right. Plaintiff contends that where a right is limited by certain conditions specifically set forth in the agreement, ¶ 13.08 does not apply, and those obligations must be followed. However, ¶ 13.08 does not say this, and plaintiff offers no other support for its argument.
The motion court was correct in adopting defendant's interpretation of the "Fixed Price" amount as $469,169.22, as calculated pursuant to ¶ 11.01 of the agreement, which provides, in relevant part, as follows:
"The Fixed Price shall be an amount equal to the product of (i) the sum of (y) One Hundred Twelve Thousand Five Hundred Dollars ($112,500), increased by a factor of six percent (6%) per annum from the date hereof to the date of Notice, and (z) any amounts contributed to the Partnership by the Partners on account of (aa) the renovation plan and (bb) any Building or Unit mortgage, all as increased by a factor of six percent (6%) per annum from the date of contribution to the date of Notice, and (ii) the Partnership Interest of the Offering Partner."
As the motion court found, while it is undisputed that the partners contributed monthly with pro-rata contributions to the partnership for the co-op's monthly maintenance fees, those fees were paid to the co-op, not to the partnership. Nor were any amounts contributed by the individual partners to the partnership "on account of" the unit mortgage. The mortgage note dated as of February 21, 1984 reflects that any interest and/or principal payments made during the four-year period from March 1984 to February 1988 were to be paid directly to the note holder and not to the partnership. Similarly, the record does not reflect that the individual partners ever made any contributions to the partnership "on account of" the building mortgage.
The court correctly declined to dismiss the indemnification counterclaim. On the record before us, it cannot be determined whether, for instance, defendant might prevail on the aspect of the claim arising from the decedent's alleged commencement of proceedings against the cooperative without its consent. Plaintiff argues that the partnership agreement did not expressly prohibit him from doing so. However, the agreement also does not indicate that the 43.07% partner could do so unilaterally. Moreover, plaintiff does not address the merits of that aspect of the indemnification claim arising from the decedent's failed dissolution proceedings.
The court appropriately denied plaintiff's motion to dismiss the separate case pending between the parties, captioned Sage Systems, Inc. v Liss (Sup Ct, NY County, Index No. 650745/2010). We note, however, that judicial economy would be better served if these cases were consolidated.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 10, 2019
CLERK