**James D. MILNE, Appellant,**

v.

**Esther S. ANDERSON, Appellee.**

**No. 2416.**

Supreme Court of Alaska.

Sept. 6, 1976.

---

Charles K. Cranston, of Gallagher, Cranston & Snow, Anchorage, for appellant.

A. Robert Hahn, Jr., of Hahn, Jewell & Stanfill, Anchorage, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

PER CURIAM.

This litigation was initiated when appellee Esther Anderson filed a complaint in district court against appellant James Milne. Anderson's claim for relief was grounded on a promissory note given her by Milne for a loan of $4,000. In the district court action Anderson asserted that there was an unpaid balance due of $3,269, plus interest, costs and attorney's fees. As part of his answer, Milne alleged a counterclaim in the amount of $4,287, based upon a sale of real estate from Anderson to Milne.

Since the validity of, and balance owing by Milne under the promissory note was stipulated to at trial, the non-jury trial involved only issues raised by Milne's counterclaim. In a memorandum opinion the district court, James A. Hanson, Superior Court Judge presiding, ruled that Milne was entitled to $756.43 of the amount he claimed.

After judgment was entered in the district court, Milne appealed to the superior court. Thereafter, Superior Court Judge Ralph E. Moody entered an order in which he found in part that Judge Hanson's judgment in the district court action was in effect a judgment of the superior court. More particularly, the order in question states:

Judicial notice is taken of the fact that Judge James A. Hanson is a Superior Court Judge in the State of Alaska. The Superior Court has general jurisdiction to try all cases arising in the State pursuant to AS 22.10.020. The Court finds that the Judgment is in effect a Judgment of the Superior Court of the State of Alaska because of the general jurisdiction conferred upon Judge James A. Hanson pursuant to the foregoing statute.

Judge Moody's order then provided for dismissal of Milne's appeal with directions permitting Milne to appeal to this court as in cases initially arising in superior court.

In our recent opinion in *Stephens v. Hammersley*, 550 P.2d 1268, 1269 (Alaska 1976), we said:

When a judge sits by assignment in a specific court, he has the same jurisdiction as the judge in whose stead he presides, and he acts in the same capacity as a regular member of that court. The acts and decisions of the trial judge in this case were the acts and decisions of a district court judge. Under Appellate Rule 45, a superior court judge, acting as an intermediate appellate judge, may properly rule on decisions rendered by the district court, and this is so regard-

less of the fact that a superior court judge was presiding. We therefore must reverse the decision of the superior court as to its jurisdiction to entertain the appeal . . .. (footnotes omitted)

*Stephens v. Hammersley* is controlling and we therefore reverse Judge Moody's jurisdictional order and remand the matter to the superior court for determination of the merits of Milne's appeal.

Remanded.