Per Curiam.

Reading section 10 of the welfare plan in light of the statement of "Dependant Coverage” in booklet issued to the members of the union, we conclude that third-party plaintiff’s son was a covered "Dependent” thereunder. The plan provides, inter alia, that a child of a member continues to be eligible for benefits until he reaches his 23d birthday, if he is a "full-time student working toward a degree at an accredited college or university” (§ 10, [b][3]). The booklet states simply that he must be "a full time student.” A full-time,, registered student in a high school, planning to go to college for a degree, is "working toward a degree at an accredited college or university” and comes within the scope of both the plan and the booklet. Indeed, in the case of third-party plaintiff’s son, at the time this action was pending in the lower court, he was a full-time student at Ramapo College of New Jersey (see, also, Weinberg v Insurance Co. of North Amer., 88 Misc 2d 82).
The judgment entered June 4, 1976 should be affirmed, with $25 costs.
Concur — Dudley, P. J., Riccobono and Tierney, JJ.