OPINION OF THE COURT
Elizabeth W. Pine, J.
Defendant insurer moves, pursuant to CPLR 325 (subd [b]), for the removal to this court of a small claims action now pending in Rochester City Court.
In early 1976, plaintiff applied for health and accident coverage from defendant. A policy issued in March, 1976, effective April 1, 1976. Plaintiff submitted a claim for benefits under the policy in July, 1977. In November, 1977, defendant *1060 denied plaintiffs claim on the ground of alleged material misrepresentations.
In November of 1977, based upon defendant’s denial of his application for benefits, plaintiff commenced the underlying action in the Small Claims Part of the Rochester City Court, to recover the sum of $187.37.
To date, plaintiff appears to have paid $190.16 in premiums on the health and accident policy, and it is clear that no greater amount could be refunded to plaintiff in the event that defendant receives judgment on its counterclaim for rescission.
Defendant now moves for the removal to Supreme Court of plaintiff’s small claim for $187.37, on the ground that the $30,000 is the "maximum benefit payable pursuant to the terms of the health and accident policy whose rescission is at issue in the instant action "and that, accordingly, the "Small Claims Court [sic] of the Rochester City Court lacks jurisdiction necessary to determine the action herein, since the amount in controversy exceeds $1,000.00 [sic]”.
This court may grant a motion for removal where it appears that "the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled” (CPLR 325, subd [b]).
At the outset, the court notes that it is not the jurisdiction of the Small Claims Part (UCCA, art 18), but rather, that of the Rochester City Court itself (UCCA, art 2), which determines the "jurisdiction” of the court below for purposes of this motion. (See UCCA, § 1805, subd [b] [mandatory transfer of action from Small Claims Part to regular civil part of City Court where counterclaim is interposed exceeding jurisdiction of Small Claims Part].) The controlling provision, with respect to defendant’s instant motion, is therefor subdivision (c) of section 208 of the UCCA.
Under this provision, the Rochester City Court has jurisdiction and ample power to rescind or reform plaintiff’s policy if "the amount in controversy” on defendant’s counterclaim does not exceed the $6,000 jurisdictional limitation applicable in a Rochester City Court action for money only.* (See Cetrola v
*1061 John Hancock Ins. Co., 51 Misc 2d 1047 [decided under CCA, § 208, subd (c)]; see, also, UCCA, § 212 [City Court has same powers as Supreme Court in like actions and proceedings].)
The sole issue raised by defendant, then, is whether the amount of defendant’s counterclaim "in controversy”, within the meaning of subdivision (c) of section 208 of the UCCA, exceeds the sum of $6,000. No reported cases interpreting this language (under either the UCCA or the CCA) having been presented to the court or located by the court’s research, the court is inclined to follow the suggestion of Professor Siegel, and therefore turns to the construction given the $10,000 "in controversy” jurisdictional standard established by section 1331 of title 28 of the United States Code. (Siegel, Commentary on Revision, McKinney’s Cons Laws of NY, Book 29A, CCA, § 203.)
The $30,000 amount which defendant claims is here "in controversy” represents, according to defendant, the "maximum benefit payable” under the health and accident policy upon which plaintiff filed his $187.37 small claim. There is no claim by defendant, however, either that plaintiff seeks recovery of any greater amount than $187.37, or that defendant, were the contract rescinded, might be compelled to pay plaintiff any amount greater than $190.16. Moreover, defendant has failed to allege by affidavit even the present probability that any amount in excess of $6,000 would become payable, under plaintiff’s health and accident policy, at some future date. Under section 208 of the UCCA, no less than under section 1331 of title 28 of the United States Code, an amount "in controversy” may not be based on mere speculation as to future or contingent events which are possible but are not shown to be probable. (See Kheel v Port of N. Y. Auth., 457 F2d 46, 49, cert den 409 US 983; see, also, Woolston v State Farm Mut. Ins. Co., 306 F Supp 738 [amount "in controversy” in insurance determined based upon recovery sought rather than upon face value of policies]; Dermody v Smith, 88 F Supp 620.)
Defendant’s motion for removal is accordingly denied (Ce *1062 trola v John Hancock Ins. Co., 51 Misc 2d 1047, supra), with $20 costs to plaintiff.

 Until the 1977 legislative session, the monetary jurisdiction of the Rochester City Court remained at the $3,000 level to which it was last increased in 1926. By amendment to the Rochester City Court Act, the amount was raised to $6,000 in actions commenced on or after September 1, 1977 (L 1977, ch 406, amdg L 1950, ch 771, § 4, as amd by L 1954, ch 677). While all other provisions of the Rochester City *1061 Court Act relating to jurisdiction, practice and procedure have been repealed (UCCA, § 2300, subd [g]), the maximum amount for which an action for money may be maintained continues to be derived from the Rochester City Court Act. This $6,000 limitation is the limitation now applicable in connection with a counterclaim for rescission or reformation in Rochester City Court. (See UCCA, § 208, subd [c]; §§ 202, 2300, subd [g].)