*325 OPINION OF THE COURT
Anne G. Feldman, J.
Judgment for plaintiff in the amount of $1,000 without interest.
This is an action to recover from a union benefits plan (hereinafter "the plan”) for dental bridgework in the amount of $2,000. Plaintiff a member of defendant District Council 37 (D. C.) required immediate dental services and consulted Dr. Gerald Stern who examined plaintiff in September, 1977 and submitted to defendant a "statement of precertification” setting forth a proposed course of treatment including extractions, root canals, crowns and a bridge. All but $74 of this "statement of precertification” was rejected by defendant’s group claim division, through its carrier Prudential Insurance Company, because plaintiff had received benefits in August, 1975 for a partial denture and, under the rules of the plan, was ineligible for benefits covering "replacement of a prosthetic device where that device was originally inserted within the immediately preceding five (5) calendar years either in whole or in part.” (Emphasis added.) Plaintiff protested this decision, pointing out that she was in extreme pain, that she had to have three front teeth extracted, and that her 1975 bridge for two back teeth was useless to her under the circumstances. Plaintiff even sent $200 to Prudential to reimburse the plan for what it paid the dentist who made the bridge in 1975. Prudential returned her check with the explanation that the denial of liability for the replacement of prosthetic devices is "contractual” and governed by "provisions as outlined in the group contract.”
Plaintiff then proceeded with the necessary dental work on the advice of Dr. Stern, who noted in his precertification statement that in his opinion it was essential to do the work quickly to avoid aggravating her condition. After the work was completed, plaintiff submitted a claim on which no official action has yet been taken in accordance with defendant’s policy of delaying the processing of claims while litigation is pending. However, defendant does not deny that this claim, which at the time of trial had been pending six months, will be officially rejected on the same basis as was the precertification statement.
Plaintiff, a dues paying member of D. C., was a third-party beneficiary to the contract between defendant and Prudential Insurance Company and as such may enforce defendant’s duty *326 to provide coverage to her as a member. (Laurence v Fox, 20 NY 268.)
The threshold question is whether this is an equitable action in which this court lacks jurisdiction. Defendant’s plan, under which plaintiff seeks benefits, is a trust, the assets of which are administered by its trustees (US Code, tit 29, §§ 1001-1114). The nature of an action to declare and enforce rights in a trust fund has been held to sound in equity (see, e.g., Matter of Heilman v Ploss, 46 AD2d 658; Sommers v Horsford, NYLJ, Feb. 13, 1976, p 10, col 3). Defendant argues that this is a case involving rights under a trust which should, under subdivision f of section 19 of article VI of the New York Constitution, be transferred to a court with equitable jurisdiction.
However, defendant’s argument fails to meet the real issues in this case. While the trustees of the plan have the fiduciary power to manage, its assets, there is no showing that they exercise fiduciary discretion in executing the contractual provisions of the plan. Rather, it appears that the trustees contracted with Prudential Insurance Company to provide dental coverage for members and, as the documentary evidence indicates, it is Prudential which interprets the contract as it applies to members of D. C.
This court does not have before it for review an exercise of fiduciary discretion. Rather, to decide this case the court is called upon to construe the contract between the plan and its insurer, a matter clearly "cognizable in a court of law.” (Society of N. Y. Hosp. v Malsky, 86 Misc 2d 221, 223, affd 88 Misc 2d 832.)
Based upon the credible evidence before it, this court finds the contractual construction urged by defendant to be unwarranted. The dental bridgework installed by Dr. Stern involved 11 teeth. This was so different from the work done in 1975 which involved replacing only two teeth that it cannot be construed as a "replacement” of the device installed then.[1] Moreover, defendant failed to produce any evidence to support *327 its claim that it has a consistent policy of denying benefits for bridgework where any bridgework in a remotely contiguous area of the mouth has been done in the last five years. To support so strained an interpretation of the contract would require defendant to show that it has such a policy. No such showing was made here.
Defendant does not dispute the reasonable value of the work as stated in the "claim for treatment completed” or that the work described there was in fact done. Rather defendant at this juncture belatedly interposes the objection that Dr. Stern’s choice of bridges was too expensive.[2] The time to dispute the necessity for fixed bridgework was at the precertification stage.
Defendant further contends that plaintiffs suit is premature, firstly, because it has not formally rejected her claim, and secondly, because she has not suffered any injury since she has not yet paid Dr. Stern.
Although technically defendant has not finally denied plaintiffs claim under the contract, it has twice indicated its intention to do so.
Where a party maintains an " 'untenable construction of a contract on a matter of essential substance’ ”, this will be regarded as a repudiation of the contract (Pacific Coast Eng. Co. v Merritt-Chapman & Scott Corp., 411 F2d 889, 895), and may, under the doctrine of anticipatory breach, entitle the nonrepudiating party to seek damages for the breach. (Long Is. R. R. Co. v Northville Inds. Corp., 41 NY2d 455.) As has been noted the court rejects defendant’s claim that the bridgework required by plaintiff to encompass 11 teeth can be considered a "replacement” for a bridge designed for only two teeth. Thus, the court finds the interpretation of the contract urged here to be an "untenable construction”.
The doctrine of anticipatory breach has been applied generally only to bilateral contracts containing interdependent obligations (Long Is. R. R. Co., supra; 11 Williston , Contracts [3d ed], § 1305), on the theory that if the injured party has already performed or will never be required to perform, it is unnecessary to grant him or her immediate relief. However, *328 Corbin criticizes this limitation and suggests that the reasons which support the doctrine of anticipatory breach are "equally applicable to unilateral contracts” because the harm to plaintiff is great in either instance. (4 Corbin, Contracts, § 962.)
This court finds Corbin’s to be the better view. It notes that plaintiff’s dentist has indicated that, if necessary, he will seek payment from her personally. Neither judicial economy nor justice would be served by requiring plaintiff, who is unsophisticated in legal matters and who is acting pro se, to undergo the rigors of another trial, in which the parties may occupy a different posture (Society of N. Y. Hosp., supra), but where the legal issues will be the same.
Although plaintiff has proven damages of $2,000, under the plan she may only receive a maximum, of $1,000 in dental benefits in any calendar year. There has been no showing that plaintiff received any dental benefits in 1977 from the plan or from any other dental insurance policy. Therefore the court awards plaintiff the maximum, $1,000.

. Defendant’s expert dentist conceded that plaintiff did require certain dental work in the area of her mouth for which the original bridge was made, but claimed that her existing bridge could have been expanded to include the additional teeth which required extraction and that the plan would have compensated her for the cost of this construction. However, this testimony was at variance with Prudential’s unequivocal denial of her claims which did not even allude to the possibility of compensating plaintiff for adjusting the existing bridge.

. It is clear from the testimony at the trial that plaintiff is the innocent victim of a long-term, continuing dispute between defendant and plaintiffs dentist, Dr. Stern, who at one time had been a participating dentist in the plan. Of course, each case must be judged on its own merits, and the relationship of defendant and plaintiffs dentist can have no bearing on the substantive issues before this court.