STUART G. SMITH, Respondent, v MONARCH LIFE INSURANCE COMPANY, Appellant.

Fourth Department, February 28, 1979

### APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle (Alexander Geiger* of counsel), for appellant.

*Stuart G. Smith,* respondent *pro se.*

### OPINION OF THE COURT

SCHNEPP, J.

The defendant appeals from an order denying its motion to remove to Supreme Court a small claims action now pending

in the City Court of the City of Rochester. Special Term held that the amount of defendant's counterclaim in controversy does not exceed the sum of $6,000, the limit of City Court's monetary jurisdiction. We disagree.

The defendant issued a health and accident insurance policy to the plaintiff effective April 1, 1976. The policy, which is incontestable after April 1, 1978 and noncancelable and guaranteed continuable to age 65, provides benefits for sickness or accidental bodily injuries. Indemnity is payable for each continuous total disability at the rate of $500 per month for a maximum period of 60 months along with other specified benefits. Plaintiff, who is 37 years of age, submitted a claim for benefits under the policy which defendant rejected. In November, 1977 plaintiff commenced the underlying action in the Small Claims Part of the Rochester City Court to recover his claim of $187.37. In its answer, defendant alleges as an affirmative defense and counterclaim that plaintiff made certain misrepresentations in his application and seeks, *inter alia,* judgment rescinding and rendering the policy null and void. Plaintiff appears to have paid $190.16 in premiums on the policy.

Supreme Court may grant a motion for removal when it appears that "the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled" (CPLR 325, subd [b]). Rochester City Court has jurisdiction and ample power to rescind or reform plaintiff's policy if "the amount in controversy" on defendant's counterclaim does not exceed the $6,000 jurisdictional limitation (UCCA, § 208, subd [c]; § 212; see, also, *Cetrola v John Hancock Ins. Co.,* 51 Misc 2d 1047).

The sole issue raised in this appeal is whether the amount in controversy on defendant's counterclaim exceeds the sum of $6,000.

Although plaintiff seeks to recover only the sum of $187.37 and defendant would be compelled to pay plaintiff only the sum of $190.16 if the contract were rescinded, the amount in controversy exceeds the court's jurisdictional limitation. It is unnecessary to rely "on mere speculation as to future or contingent events which are possible but are not shown to be probable" *(Matter of Smith v Monarch Life Ins. Co.,* 92 Misc 2d 1059, 1061). Here the validity of an insurance policy is in issue and "[f]uture benefits payable under a contract of insurance may be used to compute the sum in controversy for

jurisdictional purposes" *(Keck v Fidelity & Cas. Co. of N. Y., 359 F2d 840, 841)*. The defendant maintains that plaintiff failed to disclose in his application for insurance a condition from which he was suffering. As a result of this alleged misrepresentation, defendant claims that it has no liability under the health and accident policy and seeks to have plaintiff surrender and deliver the policy to it for cancellation upon refund of all premiums paid by plaintiff. In short, it seeks to rescind an existing contract of insurance which, by its terms, exposes the defendant to a maximum liability in the amount of at least $30,000. The defendant has a fixed and definite liability to pay the maximum indemnity for total disability. This amount measures the loss it may suffer if the policy is not canceled. The policy cannot be canceled or changed at the option of the defendant and "[t]he right to cancel the polic[y] for fraud in [its] procurement is the right to be protected" *(New York Life Ins. Co. v Swift, 38 F2d 175, 177)*. Federal case law supports the principle that the amount of future benefits which the insurer has contracted to pay under a contract of insurance should be used to compute the sum in controversy for jurisdictional purposes when the validity of the insurance policy is in dispute *(New York Life Ins. Co. v Swift, supra; Keck v Fidelity & Cas. Co. of N. Y., supra; Bankers Life & Cas. Co. v Namie, 341 F2d 187; Mutual Life Ins. Co. of N. Y. v Moyle, 116 F2d 434; Bowman v Iowa State Travelers Mut. Assur. Co., 449 F Supp 60; Asbury v New York Life Ins. Co., 45 F Supp 513)*. This pragmatic rule, which resolves the question of how to determine the jurisdictional amount in controversy when the validity of an insurance policy is attacked by the insurer, should also be applied in State courts. It makes common sense and its simplicity makes future application easy.

The maximum liability under the policy ($30,000) is the amount in controversy on the defendant's counterclaim and this exceeds the jurisdictional limitations of the Rochester City Court (UCCA, § 208, subd [c]).

Accordingly, the order of Special Term should be reversed and the motion for removal of the action to Supreme Court, Monroe County, is granted.

CARDAMONE, J. P. (dissenting). The majority have reversed Special Term concluding that the plaintiff's claim in the amount of $187.37 exceeds the Small Claims Court's monetary jurisdiction. We disagree for several reasons.

First, as a matter of New York's public policy, a money action is to be brought in the lowest court with jurisdiction sufficient to entertain it (Siegel, New York Practice, § 12, p 15). Every intendment should be in favor of sustaining the jurisdiction of the Small Claims Part of the Rochester City Court for a claim brought *pro se* for monetary damages. This follows since it is precisely for this reason that a Small Claims Part was created, i.e., to permit persons, without benefit of a lawyer, to assert small claims which seek solely monetary damages which in the Small Claims Part is jurisdictionally limited to $1,000 (UCCA, § 1801).

Second, relying on Federal case law the majority conclude that the "amount of future benefits" the insurer may have to pay determines the amount in controversy for jurisdictional purposes. Such conclusion fails to consider, however, the statutory mandate that gives *res judicata* effect *only* to the amount involved in the controversy, i.e., here, $187.37. The statute provides that a determination in the Small Claims Part "shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court" (UCCA, § 1808). Clearly, the defendant could, therefore, contest the amount plaintiff claims in Small Claims Court and, if unsuccessful, later institute a declaratory judgment action in Supreme Court to have the insurance policy declared invalid inasmuch as the plaintiff's possible success in Small Claims Court would not be a bar. This solution preserves the public policy underlying the creation of Small Claims Court without prejudicing the insurer's right to contest first the amount and second the validity of the policy itself. The holding of the majority places the plaintiff at an unfair disadvantage by permitting the insurer to "jack" a case out of the Small Claims Part of City Court into Supreme Court simply by interposing a claim which seeks a rescission of the policy.

Finally, the Federal case law relied upon by the majority relates primarily to situations where an insured is seeking to meet the $10,000 jurisdictional requirement necessary in a diversity case to gain access to the Federal courts. As Professor Siegel has pointed out, there is a distinction between the Federal situation in which the plaintiff will attempt to expand his claim to bring it within the monetary limits and the civil court situation. He states that it is unlikely that the plaintiff will attempt to diminish the value of his action so as to bring it within the jurisdiction of civil court (Siegel, Supplementary

Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, CCA, § 202). On this appeal the defendant in the City Court action is attempting to enlarge the plaintiff's claim so as to place it outside the court's jurisdictional limits. This problem does not confront the Federal courts and the policy considerations which underlie the Federal jurisdiction decisions are dissimilar.

Even the Federal cases upholding a finding of jurisdiction, relied upon by the majority for the general rule that future benefits may be used to compute the amount in controversy when the validity of the insurance policy is at issue, are inapposite. The certainty of the insurer's liability in the case of a life insurance policy was the deciding issue in *New York Life Ins. Co. v Swift* (38 F2d 175). The uncertainty of the total amount claimed by the insured and the absence of proof that the company was not subject to liability above the jurisdictional amount was the rationale in *Bankers Life & Cas. Co. v Namie* (341 F2d 187). Neither case has application to the facts at issue here.

For these reasons we dissent on the law and vote to affirm the order at Special Term.

DOERR and MOULE, JJ., concur with SCHNEPP, J.; CARDAMONE, J. P., and CALLAHAN, J., dissent and vote to affirm the order in an opinion by CARDAMONE, J. P.

Order reversed, without costs, and motion granted.