■ SCHAFFER STORES COMPANY, INC., Respondent, v GRAND UNION COMPANY, Appellant. — Appeal from an order of the County Court of Albany County (Clyne, J.), entered July 2, 1980, which affirmed a judgment of the City Court of the City of Albany in favor of plaintiff. Plaintiff is the owner of certain real property located at 120 Central Avenue, Albany, New York, and defendant has been a tenant of the premises pursuant to a lease which was to expire on May 31, 1978. In August of 1977, negotiations were commenced seeking a renewal of this lease together with leases for several other premises which defendant was then leasing from plaintiff. Thereafter, plaintiff executed three leases, including one for the Central Avenue property, and returned them to defendant. Defendant executed two of the leases but informed plaintiff that a three-year extension of the lease on the Central Avenue property was unacceptable. Concededly, the parties orally agreed to a one-year lease of this property. Defendant, however, contends that the annual rent was to be $21,000 while plaintiff contends it was to be $35,750. Defendant vacated the premises on June 30, 1978, which was one month after the original written lease expired. Plaintiff commenced the instant action in Albany City Court seeking payment of $2,979.16, which represents one month of rent based on an annual rent of $35,750. After a nonjury trial, the court found that the parties reached a new oral contract for a one-year extension on the lease at a rent of $35,750 and granted judgment to plaintiff. The judgment was affirmed by the Albany County Court and this appeal ensued. Defendant raises several issues urging reversal. Initially, we reject defendant's contention that the contract violates the Statute of Frauds (General Obligations Law, § 5-701) since this affirmative defense was not raised in the answer or on a motion to dismiss and is, therefore, deemed waived (CPLR 3211, subd [e]; 3018, subd [b]; *Chester Nat. Bank v Roundout Mar.*, 46 AD2d 985, mot for lv to app den 37 NY2d 706). We also reject defendant's contention that the lease negotiators lacked authority to bind the parties. This is also, in our view, an affirmative defense (CPLR 3018, subd [b]) and defendant failed to plead it. Consequently, it is deemed waived. Defendant further maintains that the City Court lacked jurisdiction to entertain the action since the actual amount in controversy is $35,750, which reflects the annual rent, and such sum is beyond the court's jurisdictional limit of $6,000. We disagree. The statute in question states that the City Court has jurisdiction where the "amount sought to be recovered" does not exceed the jurisdictional ceiling (UCCA, § 202). Here the amount sought to be recovered is well within the jurisdictional limitations. Defendant's reliance on *Smith v Monarch Life Ins. Co.* (66 AD2d 482) is misplaced. In the *Smith* case, the court was concerned with a counterclaim for recission of an insurance policy and, therefore, a resolution of the controversy depended upon the "Amount in

controversy" (UCCA, § 208, subd [c]). Such is not the case here. The City Court, therefore, had jurisdiction. Finally, from an examination of the record in its entirety, we are of the opinion that there is ample evidence to support the decision of the trial court and, accordingly, there must be an affirmance. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.