**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jeffrey MATTHEWS, Defendant and Appellant.**

**No. 18158.**

Supreme Court of South Dakota.

Considered on Briefs May 26, 1993.

Decided Aug. 25, 1993.

Mark Barnett, Atty. Gen., Gary Campbell, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

James E. Moore of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

Jeffrey Matthews (Matthews) appeals from a circuit court order dismissing his appeal to that court for lack of jurisdiction. We affirm.

FACTS

Matthews was charged with two class 2 misdemeanors. Matthews was convicted on both counts following a court trial presided over by Robert C. Heege. The judgments entered were captioned "Circuit Court, Second Judicial Circuit, Magistrate Division", signed "Robert C. Heege, Magistrate Judge," and filed by "Roger D. Moan, Clerk Circuit Court, Magistrate Division."

Matthews appealed to the circuit court for the Second Judicial Circuit. Judge R.D. Hurd ruled:

> While to my knowledge the Supreme Court has not decided the issue, I take the position that a Circuit Court Judge is always a Circuit Court Judge—even when doing magistrate work. I think the procedure for appealing a magistrate decision to Circuit Court is limited to magistrate decisions, not a Circuit Court judge's decision.

The order dismissing the appeal said, in part:

Because the right of appeal to the circuit court under SDCL § 15–38–22 is limited to appeals from orders or judgments of the magistrate court, and because the Honorable Robert C. Heege, who entered the judgment in this case, is a circuit court judge, the appeal procedure provided by SDCL § 15–38–22 does not apply in this case.

## ISSUE

### DID THE CIRCUIT COURT HAVE JURISDICTION TO HEAR THE PRESENT APPEAL?

This Court considered this issue in *State v. Horst*, 504 N.W.2d 862 (S.D.1993). We concluded that a circuit judge presiding over misdemeanor trials exercises the jurisdiction of the circuit court, SDCL 16–6–12, and not that of a magistrate court with a law trained magistrate presiding. SDCL 16–12A–22. Consequently another circuit court, which can hear appeals from courts of limited jurisdiction, per SDCL 16–6–10, had no jurisdiction to hear Matthews' appeal.

The order appealed from is affirmed.

MILLER, C.J., and WUEST, J., concur.

SABERS, J., dissents.

AMUNDSON, J., disqualified.

SABERS, Justice (dissenting).

Circuit Court Judge Heege was acting in magistrate court *capacity* when he signed the "Magistrate Division Judgments." In fact, he signed them as "Magistrate Judge." Therefore, Circuit Court Judge Hurd erred in refusing the appeal and we should reverse and remand.

The circuit court erred in finding that the present appeal could only be heard by this court. The legislature has provided that appeals from magistrate court shall be taken to the circuit court.

Except where appeal is denied by law there shall be a right of appeal to the circuit court from any final order or judgment of the magistrate court and such appeal shall be taken in the manner prescribed by law or rule for appeals to the circuit court.

SDCL 16–12A–27; *see also State v. Hoxeng*, 315 N.W.2d 308 (S.D.1982).[1] The Supreme Court has only such appellate jurisdiction as may be provided by the legislature and S.D. Const. art. V, § 5, and, as a general rule, there is no right of direct appeal from magistrate court to the Supreme Court. *Hoxeng*, 315 N.W.2d at 309. The only exception to the above rule is contained in SDCL 23A–32–5 which provides that the State may appeal from certain pre-trial orders of the magistrate. *Id.* Therefore, since the order appealed from was issued in magistrate court, it is clear that the circuit court had jurisdiction over this matter.

There is no basis for the circuit court's position that "Circuit Judge Heege is not a magistrate—even when doing work normally done by a magistrate." A magistrate court does not become a circuit court when presided over by a circuit court judge. In *State v. Ferguson*, this court stated that:

Such county judge, when sitting as a magistrate, is not sitting as a county court any more than would a justice of this court, if sitting as a magistrate upon a preliminary hearing, be sitting as the Supreme Court.

48 S.D. 346, 204 N.W. 652, 655 (1925) (citations omitted); *see also State v. Wagner*, 86 S.D. 382, 196 N.W.2d 360, 361 (1992). Whatever else his or her qualifications for office, whoever sits as a magistrate is sitting solely as a magistrate. *Janklow v. Keller*, 90 S.D. 168, 238 N.W.2d 688, 690 (1976).

The claim that "a circuit court judge is always a circuit court judge" is questionable and immaterial. This same point was made, in a different context, in *State v. Miller*, 429 N.W.2d 26 (S.D.1988), wherein a circuit judge, who had withdrawn from the case "as far as circuit court activity," was held not to have been disqualified from the case when serving as a committing magistrate. The circuit judge in *Miller*, therefore, could issue

---

1. The circuit court is, by statute, vested with "jurisdiction of appeals from all final judgments, decrees or orders of all courts of limited jurisdiction," SDCL 16–6–10, and magistrate courts are courts of limited jurisdiction. *Hoxeng*, 315 N.W.2d at 308.

a search warrant under SDCL 23A–35–1, when wearing the hat of a committing magistrate.[2] *Id.* at 36.

Even if it were true that "a circuit court judge is always a circuit court judge," it would not transform a magistrate court into a circuit court. Jurisdiction clearly rests with the court as opposed to the individual who is presiding.

We should reverse and remand to require the circuit court to accept the appeal.

2. The ruling in *Miller* is consistent with that in *Milne v. Anderson*, 554 P.2d 402 (Alaska 1976), wherein the Alaska Supreme Court reversed an order of dismissal in analogous circumstances where a lower court had dismissed an appeal from a district court presided over by a superior court judge. The Supreme Court of Alaska held that the judge sitting in the place of a lower court judge acts in the same capacity as a regular member of that lower court. 554 P.2d at 403.