OPINION OF THE COURT
Charles J. Markey, J.
The legal issue of first impression raised by this small claims case is whether a driver of a taxicab, who allegedly lost his job after an insurer canceled a policy held by the taxicab company, has standing to sue the insurer for his lost wages.
Upon review of the papers, and the oral argument held on August 21, 2002, the defendant American Transit Insurance Company (ATIC) moves, pursuant to CPLR 3211 and 3212, for dismissal of the complaint and summary judgment.
*73 ATIC’s moving papers fail to discuss the applicable facts or to attach a copy of the policy at issue. As this court can discern, American Transit Insurance Company issued a policy of insurance to Tibbet Taxi Inc. (Tibbet) covering the corporation and presumably its drivers for accidents involving the taxi. Plaintiff Saurel Celestin was one of Tibbet’s drivers. Celestin is not suing claiming that he is entitled to be covered by insurance as a result of some alleged accident. Instead, the claim is that the insurer decided to cancel its insurance policy with the taxicab company and that, as a result of the cancellation, the plaintiff was denied his livelihood, i.e., driving a cab for Tibbet. The plaintiff claims that the cancellation was wrongful and that, as a result of the breach, he sustained damages, namely, his lost wages.
The first argument advanced by ATIC for dismissal is that, in ruling on the question of damages allegedly sustained by plaintiff, this court would necessarily have to rule on the validity of the cancellation of the policy. ATIC’s argument continues that any review of the cancellation of the policy converts this case to a declaratory action, an equitable action, which is beyond the scope of this court’s jurisdiction (see CCA 202).
In support of the argument, defendant cites Matter of Hellman v Ploss (46 AD2d 658 [2d Dept 1974] [3 to 2 decision], appeal dismissed 36 NY2d 786 [1975]). In Ploss, the respondent sought to recover supplemental weekly unemployment benefits. In reversing the lower court, the Appellate Division’s majority stated that the relief sought by respondent was a declaration of his rights as a purported beneficiary of a trust. Although on the face of the action the respondent sought a sum of money, the essential element of his claim in seeking to enforce a trust was equitable in nature and beyond the jurisdiction of the Civil Court.
Matter of Heilman v Ploss and two lower court cases relied on by defendant ATIC in its motion to dismiss are ably distinguished in Society of N.Y. Hosp. v Malsky (86 Misc 2d 221 [Civ Ct, NY County], affd 88 Misc 2d 832 [App Term, 1st Dept 1976]). In Society of N.Y. Hosp., after a hospital brought an action to recover payment for medical services rendered, the defendant filed a third-party action against a union health and welfare benefit fund. The Civil Court disagreed that the relief sought was equitable. While union trustees might use discretion in managing the assets of a fund, “they exercise no fiduciary discretion in carrying out contractual provisions such as those upon which this action is based” (86 Misc 2d at 223). The Appellate Term affirmed (88 Misc 2d 832).
*74 This is not a case of how trustees exercised discretion; instead, “questions of construction of the contract of insurance are cognizable in a court of law.” (86 Misc 2d at 223.) In the present case, plaintiff Celestin was arguably covered by a contract of insurance, when suddenly it was canceled for reasons yet unexplored and unknown. Plaintiff is not suing for declaratory relief, but for damages. In ruling on damages, the fact that a court, of necessity, interprets a contract or lease, is simply incidental to the relief sought (see D. Siegel, NY Prac § 581, at 965 [3d ed 1999]; Hampton v District Council 37 Health & Sec. Plan, 97 Misc 2d 324 [Civ Ct, Kings County 1978] ; cf. Vidal Corp. v Langley Aviation Corp., 48 NYS2d 824 [Sup Ct, NY County 1944] [state court was not deprived of jurisdiction merely because it would, during the litigation, have to determine validity of the patent, an issue which was incidental to a determination of question of unfair competition]; Sunnyvale v Helen Kingsley, Inc., 29 NYS2d 528 [Sup Ct, NY County 1941] [same]). The fact that the court may have to review the contract of insurance that was allegedly wrongly canceled, as an incident to determining whether or not to award damages, does not compel the conclusion that the relief essentially sought is equitable. The driver is not seeking injunctive relief for the taxicab car to compel restoration of the policy; he is seeking alleged consequential damages.
ATIC then argues that the instant matter is beyond the $3,000 jurisdiction of this court (see CCA 1801), because “the amount of future benefits which the insurer has contracted to pay under a contract of insurance should be used to compute the sum in controversy for jurisdictional purposes” (affirmation of John P. McEvoy, Esq., dated July 29, 2002, 9-10). First, this argument ignores the fact that plaintiff is suing for $3,000 in damages for lost wages and that, if he prevails, any further suit would presumably be barred under the theory of splitting a cause of action. Second, although ATIC relies on the holding of Smith v Monarch Life Ins. Co. (66 AD2d 482 [4th Dept 1979] ), the facts of Smith are entirely different and inapposite. Third, in Smith, the entire policy was for $30,000. In the present case, ATIC fails to attach a copy of the canceled policy to its papers or to state its maximum liability under the policy. Even if it exceeds the $3,000 jurisdictional limit of the Small Claims Part, this case is completely different from the Smith case.
The more interesting issue, only lightly touched on by defendant, is whether plaintiff, a nonparty to the insurance contract, *75 has standing to maintain an action against the insurer. ATIC contends that plaintiff lacks contractual privity with it and that this court must dismiss the action. In certain cases, a third-party beneficiary may pursue recovery against an insurer (see e.g. Mortenson v Chook, 10 AD2d 962 [2d Dept 1960]).
The Court of Appeals has stated:
“As this court has long recognized, an obligation rooted in contract may engender a duty owed to those not in privity, for 6 [t]here is nothing anomalous in a rule which imposes upon A, who has contracted with B, a duty to C and D and others according as he knows or does not know that the subject-matter of the contract is intended for their use.’ ” (Strauss v Belle Realty Co., 65 NY2d 399, 402 [1985], affg 98 AD2d 424 [2d Dept 1983], quoting MacPherson v Buick Motor Co., 217 NY 382, 393 [1916, Cardozo, J.].)
In one action, Luedke v Delta Air Lines (159 BR 385 [SD NY 1993]), plaintiffs, employees of a failed airline carrier, Pan Am Corporation (Pan Am), were held to possess a viable cause of action against Delta Air Lines, Inc. (Delta), for lost wages as third-party beneficiaries of an alleged agreement between Pan Am and Delta that Delta would provide funding to it while it was in chapter 11 bankruptcy procéedings.
The present motion suffers from a paucity of facts. The language of the insurance contract is not quoted. The policy, as stated, is not appended to the motion papers. A reading of the policy, indeed, may well reveal that the taxicab corporation was required to list its drivers on the application of insurance, so that plaintiffs name was not unknown to ATIC. The relation of Tibbet to the plaintiff driver is also undeveloped. Numerous questions of fact remain unexplored thus making defendant’s motion to dismiss and for summary judgment improper. It may well be that the plaintiffs suit, when finally heard, has no merit; that conclusion or any resolution is premature at this stage, where the facts have not been developed or discussed.
The court denies defendant’s motion in all respects.