Michael D. BRANDNER, Appellant,

v.

James A. AGRE, Appellee.

No. S–10639.

Supreme Court of Alaska.

Oct. 31, 2003.

Rehearing Denied and Modified
Dec. 26, 2003.

Robert C. Erwin and Roberta C. Erwin, Erwin & Erwin, LLC, Anchorage, for Appellant.

James Agre, pro se.

Steven J. Shamburek, Law Office of Steven J. Shamburek, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

BRYNER, Justice.

## I. INTRODUCTION

The main question in this case is whether resolution of an equitable inquiry into a con-

tractor's substantial compliance with state licensing requirements deprived the district court of jurisdiction over the contractor's suit for compensation. We find that the district court had jurisdiction over the case and that transfer to the superior court was unnecessary. Although the superior court would normally review a judgment of the district court, we reach the merits of the case as a matter of discretion and affirm the judgment in the contractor's favor.

## II. FACTS AND PROCEEDINGS

James Agre orally contracted with Dr. Michael Brandner to renovate Brandner's new medical office. Agre began working on Brandner's office in September 2001 and completed his work in November 2001. Agre billed Brandner for $18,030.34, but Brandner paid only $10,000. Agre filed an action in the district court seeking payment of the remaining $8,030.34. Brandner counterclaimed, alleging that he was entitled to lost income and reimbursement for future repairs because the work was not satisfactory and Agre did not meet the move-in deadline. Both parties agreed to argue the case in small claims court, which limits the recoverable amount to $7,500 and relaxes the district court procedural rules.[1]

About one week before the trial date, Brandner filed a motion to dismiss Agre's complaint, alleging that Agre was not a licensed contractor at the time they contracted for the work, and was therefore barred under AS 08.18.151 from bringing an action for compensation. Alaska Statute 08.18.151 provides:

A person acting in the capacity of a contractor may not bring an action in a court of this state for the collection of compensation for the performance of work or for breach of a contract for which registration is required under this chapter without alleging and proving that the contractor was a registered contractor at the time of contracting for the performance of the work.

Agre requested a continuance so that he could consult an attorney. Both parties appeared pro se in small claims court at the trial time, and Judge Peter Ashman granted Agre's request for continuance, ordered him to reply to Brandner's motion within ten days, and rescheduled the trial for one month later. Agre responded to Brandner's motion by supplying a copy of his Alaska business license but not a contractor's license. By the second trial date, the district court had not yet ruled on Brandner's motion to dismiss.

Judge James Wanamaker presided over the rescheduled trial. Agre was represented by counsel and Brandner appeared pro se. The district court had already begun hearing testimony when Brandner raised his argument that AS 08.18.151 barred Agre from bringing the action. Agre's counsel responded that an unlicensed contractor was permitted to bring an action for compensation if the court found that the contractor had substantially complied with the contractor licensing statute. Judge Wanamaker determined that the substantial compliance inquiry was an equitable issue that could not be resolved by the district court, since the district court lacks jurisdiction over equitable' actions. Judge Wanamaker therefore recessed the trial and referred the case to Presiding Superior Court Judge Elaine Andrews, who appointed him a judge of the superior court pro tem to complete the trial.

When the trial resumed later that day, Brandner moved for a continuance so that his counsel could be present; the court denied the request. The court then found that although Agre's specialty contractor's license had expired on August 31, 2001, before the work began, Agre was entitled to bring an action for compensation because he had substantially complied with the contractor licensing statute. The judge ultimately found in favor of Agre, awarding him $9,719.05 and denying Brandner's counterclaims.

Brandner appeals.

District Court Civil Rule 9 provides that in a small claims action, "formality in pleadings, motions, and the introduction of evidence is not required."

---

1. AS 22.15.040 grants district court judges and magistrates the authority to hear claims for relief in the amount of $7,500 or less as small claims.

District Court Civil Rule 8 allows parties to waive the amount of damages over $7,500 if they wish to proceed in small claims court.

## III. DISCUSSION

### A. Jurisdiction

■ Both parties assume that the district court did not have jurisdiction over the case and that transfer to the superior court was necessary.[2] Based on that assumption, Brandner argues that it was improper to resume the trial after its transfer to superior court, and it was improper to restart the trial. But because the parties' jurisdictional assumption is mistaken, we need not consider Brandner's argument.

Recently, in *Shaw v. Nanook, Inc.*, we held that when a statute gives the district court jurisdiction over a cause of action, the district court may apply equitable remedies that are necessary and incidental to its decision of that cause of action.[3] The same principle applies here.

Here, Judge Wanamaker found it necessary to consider an issue of substantial compliance—an equitable question—in the context of a small claims case. Alaska Statute 22.15.040(a) unquestionably placed the small claims action within the district court's jurisdiction.[4] But AS 22.15.050 generally denies the district court jurisdiction over "actions of an equitable nature."[5] Under *Shaw v. Nanook*, then, the jurisdictional question turns on whether the substantial compliance analy-

sis was necessary and incidental to resolving Agre's small claims action.

In *Martin v. County of Los Angeles*,[6] the California Court of Appeal observed that "[f]rom the fact that equitable principles are ... used to establish the alleged liability of the defendants, it does not necessarily follow that the action to enforce that liability is equitable."[7] The United States Court of Appeals for the Ninth Circuit followed *Martin* in *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, holding that the need to apply an equitable doctrine in deciding whether to grant relief in a contract case did not convert the case from an action at law to an action in equity.[8] As the Ninth Circuit explained, "where a plaintiff seeks a legal remedy requiring the application of equitable principles to determine if relief is justified," the claim "sounds at law."[9] In these circumstances, "[t]he fact that the court must apply the equitable doctrine ... is incidental."[10]

■ The situation here is functionally identical to the one considered in *Wyler Summit*. Agre sought money damages in a breach of contract action, but his right to relief turned on resolution of a preliminary equitable issue. Resolving the question of Agre's substantial compliance with the contractor licensing statute was necessary and incidental to the resolution of his small claim

2. We review questions of subject matter jurisdiction de novo. *See Hydaburg Co-op. Ass'n v. Hydaburg Fisheries*, 925 P.2d 246, 248 (Alaska 1996).

3. 64 P.3d 131, 132 (Alaska 2003); *see also Anchorage Helicopter Serv., Inc. v. Anchorage Westward Hotel*, 417 P.2d 903, 908 (Alaska 1966) (district court's incidental exercise of equitable authority did not convert debt collection action into an equitable action).

4. AS 22.15.040(a) reads, in relevant part:
   Except as otherwise provided in this subsection, when a claim for relief does not exceed $7,500, exclusive of costs, interest, and attorney fees, and request is so made, the district judge or magistrate shall hear the action as a small claim unless important or unusual points of law are involved or the state is a defendant[.]

5. AS 22.15.050 provides:
   The jurisdiction of the district courts does not extend to

(1) an action in which the title to real property is in question;
(2) an action for false imprisonment, libel, slander, malicious prosecution, or actions of an equitable nature, except as otherwise provided by law.

6. 51 Cal.App.4th 688, 694, 59 Cal.Rptr.2d 303 (1996).

7. *Id.* (quoting *C & K Eng'g Contractors v. Amber Steel Co.*, 23 Cal.3d 1, 151 Cal.Rptr. 323, 587 P.2d 1136, 1140 (1978)).

8. 235 F.3d 1184, 1195 (9th Cir.2000).

9. *Id.* at 1194.

10. *Id.* at 1195. *Accord Celestin v. American Transit Ins. Co.*, 193 Misc.2d 72, 747 N.Y.S.2d 920, 921–22 (N.Y.City Civ.2002) ("In ruling on damages, the fact that a court, of necessity, interprets a contract or lease, is simply incidental to the relief sought.").

and did not convert it into an equitable action. A transfer to the superior court was thus unnecessary and created no jurisdictional gap to fill.

Our holding moots Brandner's claim that Judge Wanamaker should have started the trial anew after converting the case from a small claims matter to a superior court action.[11]

## B. Continuance

■ Brandner argues that the superior court abused its discretion when it denied his request to continue the trial until his counsel would be available.[12] Brandner moved for continuance on the understandable assumption that the transfer to superior court changed his situation. Brandner notes that parties in superior court have rights that district court litigants do not have, such as the right to a jury trial and the right to request a change of judge. But as we have seen, there was no defect in Judge Wanamaker's ability to decide the case as a district court judge sitting in small claims. Moreover, the potential procedural and legal complexities that led to Brandner's motion for continuance never materialized.

■ Had Judge Wanamaker actually changed the scope of the action or applied different substantive or procedural rules, Brandner might have been prejudiced by denial of the continuance. But Judge Wanamaker handled the case in the same informal manner as a superior court proceeding as he did in small claims court, so the nominal transfer of jurisdiction had no prejudicial effect. In short, Brandner identifies no actual prejudice resulting from the court's denial of a continuance.

We therefore affirm the trial court's denial of Brandner's motion for continuance.

## C. Substantial Compliance[13]

The trial court found that Agre had substantially complied with Alaska's contractor registration requirements and that AS 08.18.151 therefore did not bar his claim. Brandner challenges this finding, contending that Agre allowed his registration to expire before beginning the job and thereafter failed to reactivate it. Brandner also asserts that Agre performed work that was outside the scope of his expired painting and wallcovering specialty contractor's licenses and should have registered as a general contractor. For these reasons, Brandner argues, Agre could not have substantially complied with the statutory registration requirements. Brandner points out that AS 08.18.141 makes it a misdemeanor to violate 12 AAC 21.110, which prohibits specialty contractors from working in a trade for which they are not registered;[14] Brandner also points to AS

11. Normally, we would remand this case to the superior court to review Judge Wanamaker's rulings on Brandner's remaining claims of error. *See* AS 22.15.240(a) ("Either party may appeal a judgment of the district court in a civil action to the superior court."). This is true even though Judge Wanamaker presided as a judge of the superior court, pro tem. *See Stephens v. Hammersley*, 550 P.2d 1268, 1269 (Alaska 1976) (superior court may review district court decision even if superior court judge was presiding); *see also Milne v. Anderson*, 554 P.2d 402, 403–04 (Alaska 1976). But in the present case, since the parties have briefed and argued the issues, and since the transfer was based on a question of subject matter jurisdiction that both parties understandably assumed was correct, we see no sense in the delay and expense of remand and will decide the remaining issues as a matter of discretion. *Cf. Hammersley*, 550 P.2d at 1269.

12. We review a trial court's denial of a continuance for abuse of discretion. *See Gregoire v. Nat'l Bank of Alaska*, 413 P.2d 27, 33 (Alaska 1966). "Denial of a motion for continuance constitutes an abuse of discretion 'when a party has been deprived of a substantial right or seriously prejudiced.' " *Siggelkow v. Siggelkow*, 643 P.2d 985, 986–87 (Alaska 1982) (quoting *Barrett v. Gagnon*, 516 P.2d 1202, 1203 (Alaska 1973)).

13. We review the superior court's findings of fact for clear error. *See Fernandes v. Portwine*, 56 P.3d 1, 4 (Alaska 2002). "A factual finding is clearly erroneous when the court is 'left with a definite and firm conviction on the entire record that a mistake has been made.' " *Id.* (quoting *Jenkins v. Handel*, 10 P.3d 586, 589 (Alaska 2000)).

14. 12 AAC 21.110 provides:

A person registered as a specialty contractor may not undertake or offer to perform or claim to have the capacity to perform or submit a bid for a project which requires the use of a trade for which he is not registered.

AS 08.18.141 provides in pertinent part:

(a) A contractor or a person acting in the capacity of a contractor who knowingly vio-

08.18.011(a), which requires contractors to be registered with the state.[15]

Registration as a construction contractor under AS 08.18 requires: a registration fee,[16] a surety bond,[17] public liability and property damage insurance,[18] and worker's compensation insurance.[19] "Registration was intended by the legislature to ensure 'competence and financial responsibility in those who undertake work as contractors.' "[20]

Alaska Statute 08.18.151 provides that a contractor must have been registered under AS 08.18 at the time of contracting to perform work in order to bring an action for breach of contract. But because "[s]ection 151 imposes a harsh penalty on contractors,"[21] we have held that "AS 08.18.151's statutory bar may be abrogated by a contractor's substantial compliance with the registration requirements."[22] In *McCormick v. Reliance Insurance Company* we explained that a court may find substantial compliance if: "(1) the contractor's prior registration or other public information would give the public the same information that current registration would give (i.e., the contractor's insurance information); and (2) the contractor's bond and insurance remained effective during the period his or her registration lapsed."[23]

■ None of Brandner's arguments affects the existence of substantial compliance under this test. The inquiry into substantial compliance focuses on the time that the parties entered into the contract, not the time after litigation commenced.[24] Agre's failure to renew his contractor's license between the time he started work on Brandner's contract in August 2001 and the time of the trial in May 2002 has little to do with whether Agre's bond and insurance remained in effect when he performed the work and whether Brandner had access to information concerning Agre's coverage when the contract was formed. Here, it appears that the parties began discussing Brandner's contract in early August 2001, while Agre's registration was still current. Thus, Agre may well have been registered when he entered into the contract and, at most, his registration expired only weeks before the actual work began. The record indicates that Agre's bond and insurance remained in effect. And we find nothing in the record to indicate that this information was unavailable to Brandner.[25]

■ Brandner separately alleges that Agre's work exceeded the scope of his specialty trades. He contends that Agre could not have substantially complied with the contractor licensing statute because he was never a licensed general contractor, which would have required him to increase his bond from $5,000 to $10,000. But Brandner fails to identify any place in the record where he raised this argument before the trial court. We therefore decline to consider this point.[26]

---

lates AS 08.18.011 ... is guilty of a class B misdemeanor.
AS 08.18.011 is listed as partial authority for 12 AAC 21.110.

**15.** AS 08.18.011(a) provides in pertinent part:
A person may not submit a bid or work as a contractor until that person has been issued a certificate of registration by the department.

**16.** AS 08.18.041.

**17.** AS 08.18.071.

**18.** AS 08.18.101(2).

**19.** AS 08.18.101(1).

**20.** *Gross v. Bayshore Land Co.*, 710 P.2d 1007, 1012 (Alaska 1986) (quoting *Sumner Dev. Corp. v. Shivers*, 517 P.2d 757, 763 (Alaska 1974)).

**21.** *Alaska Protection Servs., Inc. v. Frontier Colorcable, Inc.*, 680 P.2d 1119, 1122 (Alaska 1984)

(citing *Industrial Power v. Western Modular Corp.*, 623 P.2d 291, 294 (Alaska 1981)).

**22.** *McCormick v. Reliance Ins. Co.*, 46 P.3d 1009, 1012 (Alaska 2002) (citing *Jones v. Short*, 696 P.2d 665, 668 (Alaska 1985)).

**23.** *Id.* at 1012–13.

**24.** *See* AS 08.18.151.

**25.** Brandner's point that Agre may be guilty of a misdemeanor has no bearing on his substantial compliance, since the misdemeanor liability set out in AS 08.18.141 is unrelated to AS 08.18.151's bar on contract actions. *See Alaska Protection Servs., Inc.*, 680 P.2d at 1122.

**26.** *See Braun v. Alaska Commercial Fishing & Agric. Bank*, 816 P.2d 140, 145 (Alaska 1991) (supreme court need not address insufficiently briefed issues); *Brandon v. Corr. Corp. of Am.*, 28

The record supports the trial court's finding that Agre substantially complied with the contractor licensing requirements of AS 08.18 based on the factors set out in *McCormick*. Agre proved at trial, and Brandner does not challenge, that Agre's insurance coverage and bond remained in effect when he performed the work and met or exceeded the statutory requirements for a specialty contractor. Moreover, the relevant information concerning Agre's insurance and bonding coverage appears to have been a matter of public record when the parties initially met and discussed the work in mid-August 2001. Given these circumstances, we hold that the trial court's finding of substantial compliance was not clearly erroneous.

### IV. CONCLUSION

Because the substantial compliance analysis was necessary and incidental to the resolution of Agre's breach of contract action, which fell squarely within the trial court's small claims jurisdiction, and because the court's finding of substantial compliance was not clearly erroneous, we AFFIRM the judgment.

P.3d 269, 280 (Alaska 2001) (arguments raised for the first time on appeal are waived).