Balvir Singh and Lakhwinder Singh, Respondents,
against
Madhu Restaurant, Inc., and John S. Desiderio, Esq., as Stakeholder only, Appellants.




Law Office of John S. Desiderio, P.C. (John S. Desiderio of counsel), for appellants.
Richard G. Johnson, Esq., for respondents (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Donna-Marie Golia, J.), entered August 31, 2017. The order, insofar as appealed from as limited by the brief, denied the branch of defendants' motion seeking to dismiss the complaint, granted plaintiffs' cross motion to amend the complaint, and, sua sponte, struck defendants' discovery demands.




ORDERED that, on the court's own motion, the notice of appeal from so much of the order entered August 31, 2007, as, sua sponte, struck defendants' discovery demands is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order, insofar as appealed from, is reversed, without costs, plaintiffs' cross motion to amend the complaint is denied, so much of the order as struck defendants' discovery demands is vacated and the matter is remitted to the Civil Court for a new determination of the branch of defendants' motion seeking to dismiss the complaint.
Plaintiffs commenced this action alleging that defendants breached a contract to sell a restaurant to plaintiffs for $82,000 and seeking to recover the sum of $24,500 representing plaintiffs' $14,500 down payment and $10,000 in liquidated damages. Defendants served an answer with counterclaims and discovery demands. Thereafter, defendants moved to, among other things, dismiss the complaint because plaintiffs had failed to comply with discovery. Defendants also sought a default judgment on their counterclaims. Plaintiffs cross-moved for leave to amend their complaint to add a cause of action to rescind the contract on the ground that there was never a meeting of the minds with respect to the purchase price. The Civil Court [*2]denied defendants' motion in its entirety, granted plaintiffs' cross motion and directed plaintiffs to serve a copy of the amended complaint. The court stated that defendants could thereafter serve an amended answer, and that, as the amended complaint would supersede the original complaint, defendants' prior discovery demands served with their answer had become moot and that pretrial discovery should go forth anew. The court further stated that, pursuant to CCA 907 (a), plaintiffs were not required to reply to the counterclaims and, thus, the entry of a default judgment thereon against plaintiffs was not warranted. Defendants appeal, arguing that the court erred in striking their discovery demands attached to their original answer and that the court erred in granting plaintiffs' cross motion for leave to amend their complaint.
Section 213 of the New York City Civil Court Act grants the court "jurisdiction of actions for rescission or reformation of a transaction if the amount in controversy does not exceed $25,000." Although plaintiffs' breach of contract cause of action only seeks to recover the sum of $24,500, which amount is within the Civil Court's monetary jurisdiction, "the amount in controversy" for plaintiffs' proposed rescission cause of action is the contract price of $82,000, which sum is beyond the court's monetary jurisdiction (see Smith v Monarch Life Ins. Co., 66 AD2d 482 [1979]; Landucci v De La Rosa, 54 Misc 3d 1224[A], 2017 NY Slip Op 50292[U] [Civ Ct, Bronx County 2017], affd on other grounds 60 Misc 3d 136[A], 2018 NY Slip Op 51065 [App Term, 1st Dept 2018]). As the Civil Court lacks the authority to rescind a contract for $82,000 (see Smith v Monarch Life Ins. Co., 66 AD2d 482; Landucci v De La Rosa, 54 Misc 3d 1224[A], 2017 NY Slip Op 50292[U]), it was beyond the court's jurisdiction to grant plaintiffs' cross motion to amend their complaint to include a rescission cause of action. We note that defendant has never raised the foregoing jurisdictional objection. While "[w]e are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519 [2009]; see Bank of NY Mellon v Gordon, AD3d , 2019 NY Slip Op 02306 [2d Dept 2019]; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232 [2017]; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45 [2014]), the issue of subject matter jurisdiction is never waived and, to that end, it may be raised and addressed by the court, sua sponte, at any time (see e.g. Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12 [2008]; Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121 [2018]). 
Accordingly, the order, insofar as appealed from, is reversed, plaintiffs' cross motion to amend the complaint is denied, so much of the order as, sua sponte, struck defendants' discovery demands is vacated and the matter is remitted to the Civil Court for a new determination of the branch of defendants' motion seeking to dismiss the complaint for failure to comply with discovery.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019